J. S12039/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL PITTS, | : | |
| | : | |
| Appellant | : | No. 1895 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-1206131-1997
CP-51-CR-1206141-1997

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED FEBRUARY 25, 2015**

Appellant, Darryl Pitts, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his "Motion to Vacate Illegal Sentences" as an untimely second Post Conviction Relief Act[1] ("PCRA") petition.  Appellant contends the PCRA court erred: (1) in dismissing his motion to vacate his illegal sentences; (2) in denying him due

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

process; and (3) in converting his motion to vacate illegal sentences to a PCRA petition.[2] We affirm and deny Appellant's motion for sanctions.

The PCRA court summarized the facts and procedural history of this case:

> On June 16, 1999, following a three-day trial, a jury found [Appellant] guilty of two counts of burglary, two counts of theft by unlawful taking, and one count of robbery. Sentencing having been deferred, this court sentenced [Appellant] to an aggregate term of incarceration of forty to eighty years on October 22, 1999. Shortly thereafter, on October 27, 1999, the original sentences were vacated and [he] was sentenced to an aggregate term of thirty to sixty years. This sentencing was affirmed on direct appeal by the Superior Court on November 6, 2000. [**Commonwealth v. Pitts**, 71 EDA 2000 (unpublished memorandum) (Pa. Super. Nov. 6, 2000).] [Appellant's] petition for allowance of appeal was denied by our Supreme Court on April 16, 2001. [**Commonwealth v. Pitts**, 746 EAL 2000] (Pa. 2001).
>
> On May 30, 2001, [Appellant] filed a timely *pro se* [PCRA petition]. As it was [his] first PCRA petition, counsel was appointed. After reviewing the petition, counsel concluded the petition was wholly frivolous. Accordingly, counsel filed a "no merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. [ ] 1988) asking to be permitted to withdraw his representation of [Appellant]. Following an independent review, this court agreed with counsel and on December 17, 2002, notified [Appellant] of its intent to dismiss his petition. On January 28, 2002, counsel was permitted to withdraw and [Appellant's] PCRA petition was dismissed as meritless.
>
> Subsequent to the dismissal, [Appellant] filed an appeal. Thereafter, the Superior Court remanded the

---

[2] The Commonwealth did not file a brief. Appellant filed a "Motion for Sanction on Appellee's" for failure to file a brief.

matter finding counsel's *Finley* letter did not sufficiently address all of the issues [Appellant] wished to raise. Those issues where whether trial counsel had picked a biased jury and whether [Appellant's] subsequent attorneys had been ineffective for not raising that claim. Shortly after remand, new counsel was appointed and filed an amended PCRA petition addressing [Appellant's] issues concerning jury bias.

On April 7, 2004, after an independent review of the record, this court notified [Appellant] of its intent to dismiss the amended petition and on May 7, 2004, dismissed the petition. On June 4, 2004, [Appellant] appealed the dismissal of his amended PCRA petition. On August 25, 2005, the dismissal was affirmed by the Superior Court in a published opinion. [*Commonwealth*] *v. Pitts*, 884 A.2d 251 (Pa. Super. [ ] 2005). On May 31, 2006, [Appellant's] petition for allowance of appeal to our Supreme Court was denied. [*Commonwealth*] *v. Pitts*, [681 EAL 2005] (Pa. 2006).

On June 11, 2013, [Appellant] filed the instant *pro se* PCRA petition styled as a "Motion to Vacate Illegal Sentences." . . .

\* \* \*

By order dated June 2, 2014, this court dismissed the instant PCRA petition as untimely. . . .

PCRA Ct. Op., 7/28/14, at 1-3, 4 (footnote omitted).[3]

---

[3] We note that Appellant has attached a "Motion to Set Aside Unlawful Sentence" as an exhibit to his brief. This motion is not part of the certified record on appeal. This Court in *Parr v. Ford Motor Co.*, ___ A.3d ___, 2014 WL 7243152 (Pa. Super. 2014) stated:

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled

This timely appeal followed. Appellant was not ordered to filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> I: Did the lower court err in dismissing the motion to correct illegal sentence, under the standards pursuant to 42 Pa.C.S.A. § 9545[?]
>
> II. Did the lower court deny the Appellant due process under Pennsylvania Constitution at Article 1 Section 9 as well as the United States Constitution at the Fourteenth Amendment[?]
>
> III. Did the lower court err when motion to set aside unlawful sentence/motion to vacate illegal sentence were converted to a PCRA petition[?]

Appellant's Brief at v.

As a prefatory matter, we consider whether the PCRA court erred in considering Appellant's Motion to Vacate Illegal Sentences as a PCRA

---

> that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent-a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.

*Id.* at ___, 2014 WL 7243152 at *25 n.10 (citing **Commonwealth v. Preston**, 904 A.2d 1, 6-8 (Pa. Super. 2006) (*en banc*) (citations omitted).

petition. In ***Commonwealth v. Jackson***, 30 A.3d 516 (Pa. Super. 2011), this Court stated:

> [The appellant's] "**motion to correct illegal sentence" is a petition for relief under the PCRA**. . . . "We have repeatedly held that . . . **any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition**." ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002). That [the appellant] has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. ***See Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).
>
> We base this conclusion on the plain language of the PCRA, which states that "[the PCRA] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; ***see Commonwealth v. Hockenberry***, [ ] 689 A.2d 283, 288 (1997) (legality of sentence is cognizable issue under PCRA). Further, the Act provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . ." 42 Pa.C.S.A. § 9542; ***see Commonwealth v. Ahlborn***, 699 A.2d 718, 721 ([Pa.] 1997) (petition filed under the PCRA cannot be treated as a request for relief under the common law); ***Commonwealth v. Peterkin***, [ ] 722 A.2d 638, 640–41 (Pa. 1998) (statutory remedy not available where claim is cognizable under PCRA). Therefore, [the appellant's] **"motion to correct illegal sentence" is a PCRA petition and cannot be considered under any other common law remedy.**
>
> **Because [the appellant's] claim is cognizable under the PCRA, [he] must comply with the time requirements of section 9545**. . . .

*Id.* at 521-22 (emphases added). Therefore, the PCRA court did not err in treating Appellant's motion to vacate illegal sentences as a PCRA petition. *See id.*

Before examining the merits of Appellant's claims, we also consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. *See id.* On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [an a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) **the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, **a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented.** 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (emphases added) (some citations omitted).

Appellant's judgment of sentence became final on July 16, 2001, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Appellant generally had until July 16, 2002, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing PCRA petition must be filed within one year of date judgment becomes final). Therefore, because he filed his PCRA petition on June 11, 2013, his petition is patently untimely.

Appellant did not plead and prove any exception to the PCRA's timeliness requirement. *See Marshall*, 947 A.2d at 719-20. Thus, the PCRA court did not err in dismissing his PCRA petition as untimely. *See id.*

Order affirmed. Motion for Sanction on Appellee's denied.

J. S12039/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015