854 A.2d 465

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**George Ivan LOPEZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 2002.

Decided July 22, 2004.

James Joseph Burke, Bethlehem, for George Ivan Lopez.

Maria Lisa Dantos, Theodore Rafael Racines, Allentown, Amy Zapp, Harrisburg, for Com. of PA.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

George Ivan Lopez appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.

On March 19, 1996, a jury found appellant guilty of first degree murder, robbery, theft, receiving stolen property, and conspiracy in connection with the strangulation death of David Bolasky.[1] Following the penalty phase, the jury concluded there were two aggravating circumstances[2] and no mitigating circumstances;[3] appellant was sentenced to death. New counsel was appointed to represent appellant on direct appeal, and this Court affirmed the verdict and death sentence. *Commonwealth v. Lopez*, 559 Pa. 131, 739 A.2d 485 (1999), *cert. denied, Lopez v. Pennsylvania*, 530 U.S. 1206, 120 S.Ct. 2203, 147 L.Ed.2d 237 (2000).

Appellant filed a timely *pro se* PCRA petition; counsel was appointed and filed an amended petition. Following a three-day evidentiary hearing, the PCRA court denied relief; this appeal followed.

Appellant raises seven allegations of ineffectiveness by trial and appellate counsel for failing to raise certain claims during the guilt and penalty phases. To be entitled to relief under the PCRA, appellant must show, as to each claim, that "the

1. The underlying facts are found in *Commonwealth v. Lopez*, 559 Pa. 131, 739 A.2d 485, 489–93 (1999).

2. 42 Pa.C.S. § 9711(d)(5) (victim killed to prevent his testimony against defendant); *id.*, § 9711(d)(6) (killing committed during perpetration of felony).

3. Trial counsel sought to establish the mitigating circumstances found in 42 Pa.C.S. § 9711(e)(7) (defendant's participation in homicidal act was relatively minor), and § 9711(e)(8) (any other evidence of mitigation concerning character and record of defendant and circumstances of his offense).

allegation of error has not been previously litigated or waived," 42 Pa.C.S. § 9543(a)(3), and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue...." *Id.*, § 9544(a)(2).

In three of his issues, appellant claims trial counsel was ineffective for failing to investigate and present certain "catch-all" mitigating evidence, § 9711(e)(8), and that appellate counsel was ineffective for failing to raise these issues on direct appeal. Specifically, appellant alleges trial counsel failed to: (1) retain a mental health expert to evaluate him; (2) investigate appellant's school and prison records; and (3) investigate, interview, and call appellant's family members to testify during the penalty phase.

These arguments are nothing but retooled versions of appellant's argument on direct appeal; as such, they are previously litigated and he is not entitled relief. *See Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 939 n. 2 (2001) (appellant cannot obtain post conviction relief of claims previously litigated on direct appeal by alleging ineffectiveness of prior counsel and presenting new theories of relief).

On direct appeal, appellant alleged trial counsel was ineffective for failing to adequately prepare or present certain mitigating evidence during the penalty phase. *Lopez*, at 503. Appellant's claim "center[ed] around his contention that if his trial counsel had adequately prepared for the penalty phase hearing, he would have discovered that Appellant had trouble with blackouts as a child and young adult, and would have presented more evidence concerning Appellant's background and upbringing." *Id.*, at 504. This Court found the claim was meritless; trial counsel presented the testimony of appellant's mother and brother, and attempted to establish the § 9711(e)(8) mitigating circumstance by presenting appellant

as a hard-working, religious man who had good relationships with his family. *Id.*, at 503–04.[4]

Appellant's remaining four issues assert trial counsel's ineffectiveness during the guilt and penalty phases, as well as appellate counsel's ineffectiveness for failing to raise these issues on direct appeal. Any alleged error during the guilt and penalty phases has been waived because of trial counsel's failure to raise it; however, appellant may still obtain relief for trial counsel's ineffectiveness if he is able to demonstrate appellate counsel was ineffective for failing to pursue the claims. *See Commonwealth v. Rush,* 576 Pa. 3, 838 A.2d 651, 656 (2003) (citing *Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014, 1022 (2003) (when court is faced with "layered" ineffectiveness claim, only viable ineffectiveness claim is that related to most recent counsel, appellate counsel)).

We set forth the standard for preserving such "layered" ineffectiveness claims in *McGill* and *Rush:*

> In order to preserve a claim of ineffectiveness, a petitioner must *"plead,* in his PCRA petition," that appellate counsel was ineffective for failing to raise all prior counsel's ineffectiveness. Additionally, a petitioner must *"present* argument on, i.e. develop each prong of the [*Commonwealth v.] Pierce* [, 515 Pa. 153, 527 A.2d 973 (1987)] test" as to appellate counsel's deficient representation. "Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim."

*Rush,* at 656 (citations and footnote omitted); *see also McGill,* at 1021–23.

The *"Pierce* test" requires appellant to prove, with respect to appellate counsel's performance, that: (1) the un-

---

4. Furthermore, appellant's PCRA petition acknowledges, "appellate counsel directly raised ineffective claims related to the failure of trial counsel to investigate petitioner's past life for use as mitigation; for failing to obtain a psychiatrist/psychologist for use in the penalty phase; for failing to investigate and call certain witnesses...." Amended PCRA Petition, 8/23/00, at 2.

derlying claim of trial counsel's ineffectiveness has arguable merit;[5] (2) appellate counsel had no reasonable basis for failing to pursue the claim; and (3) but for appellate counsel's ineffectiveness, the result on direct appeal would have differed. *See McGill,* at 1022–23.

■ Appellant has met the pleading requirement for his remaining issues, as he alleged the ineffectiveness of both trial and appellate counsel before the PCRA court, as well as in his appellate brief. He also presents argument concerning his underlying claims of trial counsel's ineffectiveness, thus satisfying the first prong of *Pierce* with respect to appellate counsel. However, he fails to develop the remaining two prongs concerning appellate counsel's stewardship; thus, he has failed to preserve his claims of appellate counsel's ineffectiveness as required by *McGill.*

■ In cases where the appellant has established arguable merit in his underlying claim of trial counsel's ineffectiveness, remand may be warranted for the opportunity to correct his deficient pleading of the remaining two prongs regarding appellate counsel's ineffectiveness. *Rush,* at 657. "Nevertheless, there is simply no need to remand a PCRA petition when the petitioner has not carried his *Pierce* burden in relation to the underlying claims of trial counsel's ineffectiveness, since even if the petitioner were able to craft a perfectly layered argument in support of his claim, the petitioner's claim would not entitle him to relief." *Rush,* at 657–58. Thus, we need not remand if we determine appellant has not met his burden of proving his underlying claim of trial counsel's ineffectiveness.

5. An assessment of this prong requires appellant to establish each *Pierce* prong with respect to trial counsel's performance; failure to establish any one of the prongs will defeat the entire claim. *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000) (citing *Commonwealth v. Rollins,* 558 Pa. 532, 738 A.2d 435, 441 (1999)). This "merit" prong has been referred to as containing a "nested" argument—trial counsel's performance must be addressed in order to determine whether appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. *See Rush,* at 656.

■ Appellant claims his constitutional rights were violated because he was forced to wear a stun belt throughout trial, and that trial and appellate counsel were ineffective for failing to raise this issue. At appellant's PCRA hearing, both the prosecutor and trial counsel testified there had been a concern appellant would attempt to escape; implements of escape, including a homemade handcuff key, had been found in appellant's cell on two occasions. Consequently, the trial judge ordered appellant wear a stun belt, which was not visible to the jury, during trial. At the PCRA hearing, appellant himself admitted the belt was not visible:

[PCRA Counsel]: Well, I wasn't present in your trial in 1996, so was, in any way, do you claim that that was visible at all?

[Appellant]: No, this wasn't visible.

[PCRA Counsel]: O.K. And you wear clothing over the stun belt. Is that correct?

[Appellant]: Yes.

N.T. PCRA Hearing, 11/2/00, at 4. Trial counsel also testified the belt was not visible. *Id.*, 11/3/00, at 72.

It is difficult to ascertain what prejudice allegedly resulted from appellant's wearing the belt, beyond the prejudice of not being able to escape. Appellant does not allege the jury was prejudiced by seeing him in the belt, but instead claims it constricted his breathing and movement, thereby interfering with "his Sixth Amendment right to assist his counsel." Appellant's Brief, at 8. However, appellant has not demonstrated that but for the belt, the outcome of his trial would have differed. Accordingly, his claim of trial counsel's ineffectiveness fails, and this necessarily defeats his claim of appellate counsel's ineffectiveness. *McGill*, at 1023. Since appellant is not entitled to relief on his underlying claim concerning trial counsel's ineffectiveness, we need not remand in order for him to develop the remaining two prongs of *Pierce* with respect to appellate counsel. *See Rush*, at 657–58; *McGill*, at 1025.

■ Appellant next claims his right to a fair trial and sentencing was denied when the Commonwealth's expert, Dr.

Isadore Mihalakis, testified the victim experienced terror. This testimony was in response to the prosecutor's query concerning the series of events generally occurring during ligature strangulation, the manner in which the victim died:

> What is required is that the ligature be tightened, the blood supply compromised or closed off, the windpipe narrowed, the air supply and oxygenation of the blood being reduced, the brain being deprived of oxygen. There is a period of struggle until the person passes out. The period of struggle is, depending on whether and how quickly the ligature is tightened, it may be quick, as low as 10, 15 seconds, or it may last seconds or minutes depending on how, during this period of time, the person is conscious, alive, appreciates what is happening. *It's a very terrifying period* and then the person passes out and then we have those windows that I spoke of before.

N.T. Trial, 3/12/96, at 181 (emphasis added). Appellant argues this was an impermissible reference to the victim's state of mind, and the incorporation of the trial record into the penalty phase tainted his sentencing as well as his trial.

■ "Expert testimony is permitted as an aid to the jury when the subject matter is distinctly related to a science, skill, or occupation beyond the knowledge or experience of the average layman." *Commonwealth v. Auker*, 545 Pa. 521, 681 A.2d 1305, 1317 (1996). The average layperson is generally unacquainted with the physical processes accompanying ligature strangulation; therefore, this was a proper subject for Dr. Mihalakis to explain. While perhaps the comment about a "terrifying period" may not have been necessary, it did little more than articulate the obvious; any conscious person is going to be terrified as they are strangled to death. Viewed in the context of the entire trial, there was nothing prejudicial about Dr. Mihalakis' statement. Even the challenged remark was given in a general, non-specific manner; the doctor was not speculating about the experience of *this* victim.

Further, as trial counsel testified at the PCRA hearing, the defense strategy was to minimize appellant's involvement in the murder; contesting the brutality of the killing would not

have furthered this defense, and quarreling over this comment would only highlight it in the jurors' minds, to his detriment. *See* N.T. PCRA Hearing, 11/3/00, at 73. Accordingly, this claim of trial counsel's ineffectiveness fails, as does the claim of ineffective appellate stewardship. *McGill,* at 1023. Remand for development of the remaining two *Pierce* prongs concerning appellate counsel is unnecessary. *See Rush,* at 657–58; *McGill,* at 1025.

Appellant next claims he was improperly precluded from arguing, during the penalty phase, that the jury should consider his co-conspirators' sentences as a mitigating factor; he claims the fact his co-conspirators, who allegedly planned and carried out the murder, received life sentences, should mitigate against a death sentence in his case.

This claim is meritless. There is no mitigating circumstance which provides for the type of comparison appellant suggests; even the "catch-all" mitigating circumstance would not encompass evidence of co-conspirators' sentences because such evidence has nothing to do with "the character and record of the defendant" or "the circumstances of his offense." 42 Pa.C.S. § 9711(e)(8). "The sentence received by a co-conspirator is not a mitigating circumstance as to appellant's role in the crime." *Commonwealth v. Frey,* 520 Pa. 338, 554 A.2d 27, 33 (1989) (life sentence of co-conspirator who fired fatal shot was not mitigating circumstance to defendant's role in crime). "The aggravating and mitigating circumstances applicable to different defendants involved in the same crime are variable ..., and, even where they are substantially similar, fine qualitative differences may warrant different sentences." *Commonwealth v. Haag,* 522 Pa. 388, 562 A.2d 289, 299 (1989) (acquittal of one cohort and another cohort's life sentence were not admissible evidence in mitigation in capital case). These life sentences have no more relevance than they would have if they were death sentences.

Besides, trial counsel extensively cross-examined the co-conspirators during the trial phase concerning the sentences they received in exchange for their cooperation, and argued

during closing that their testimony against appellant was motivated by these sentences. *See* N.T. Trial, 3/19/96, at 35–37. Accordingly, trial counsel was not ineffective for failing to pursue this issue; likewise, appellant's argument that appellate counsel was ineffective necessarily fails, *McGill,* at 1023, and remand for further development of this issue is unwarranted. *See Rush,* at 657–58; *McGill,* at 1025.

Appellant next claims trial counsel was ineffective for not introducing, as mitigating evidence, the fact appellant had no significant history of prior criminal convictions, *see* 42 Pa.C.S. § 9711(e)(1); he also claims appellate counsel's ineffectiveness for failing to raise this issue. Trial counsel testified at the PCRA hearing that he originally had intended to pursue this mitigating circumstance, but abandoned this strategy when he learned the Commonwealth would introduce evidence of appellant's prior misdemeanor convictions to rebut this circumstance. *See* N.T. PCRA Hearing, 11/3/00, at 88. Counsel acknowledged that, while appellant's criminal history was not overly burdensome, the fact he had been in the criminal system several times before could be prejudicial to him. *Id.,* at 89. Rather, counsel decided to contrast appellant with his co-defendant, who did have a significant history of felony convictions; counsel believed this might result in appellant receiving a lesser penalty. *Id.,* at 89–90. The PCRA court found trial counsel's testimony credible, PCRA Court Opinion, 1/17/02, at 5 n. 2, 8, and there is support in logic and in the record for the court's conclusion that this strategy was reasonable. Accordingly, neither trial nor appellate counsel were ineffective in this regard, and remand for further development of this claim is unnecessary. *See Rush,* at 657–58; *McGill,* at 1025.

Finally, appellant claims the cumulative effect of all the alleged errors entitles him to relief. However, as this Court has repeatedly stated, "no number of failed claims may collectively attain merit if they could not do so individually." *Commonwealth v. Williams,* 532 Pa. 265, 615 A.2d 716, 722 (1992). Accordingly, we affirm the PCRA court's denial of

relief and the Prothonotary of this Court is directed to transmit the complete record to the Governor. *See* 42 Pa.C.S. § 9711(i).

Order affirmed. Jurisdiction relinquished.

Chief Justice CAPPY files a concurring opinion in which Justice NIGRO joins.

Justice SAYLOR files a concurring opinion in which Justice NIGRO joins.

Chief Justice CAPPY concurring.

I join the majority opinion in all relevant respects. I write separately only to distance myself from the conclusion regarding Appellant's claim that he was improperly precluded from arguing that the jury should consider his co-conspirators' sentences as a mitigating factor. After correctly analyzing this as a claim that appellate counsel was ineffective for failing to raise an allegation of trial court error, the majority inexplicably concludes that "trial counsel was not ineffective for failing to pursue this issue...." Majority opinion —— Pa. at ——, 854 A.2d at 471. The reference to trial counsel's ineffectiveness is inapt since the PCRA petition and the brief before this court raise this as a derivative allegation of trial court error, apparently recognizing, as the majority fails to, that the alleged error that Appellant is complaining about is the trial court's decision to "preclude" the admission of this evidence.

To the extent that Appellant attempts to also raise this as a claim of trial counsel ineffectiveness in his brief before this court, this claim is waived for failing to include it in the PCRA petition. Moreover, this claim is not properly developed pursuant to the three-prong *Pierce*[1] standard of ineffectiveness. Accordingly, the majority opinion should merely base its conclusion on the fact that Appellant cannot establish trial court error, and thus, any claim of appellate counsel ineffectiveness necessarily fails.

Justice NIGRO joins this concurring opinion.

1. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Justice SAYLOR concurring.

I concur in the result, as I respectfully differ with the majority's approach to several claims presented in this capital, post-conviction appeal.

For example, I would not treat Appellant's claim of ineffective assistance of counsel in failing to retain a defense mental-health expert as previously litigated on direct appeal. In my view, the issue is sufficiently distinct from the claim raised on direct appeal, in terms of a failure to develop life-history-type mitigation, to warrant independent review. *Cf. Wiggins v. Smith*, 539 U.S. 510, 523–24, 123 S.Ct. 2527, 2536, 156 L.Ed.2d 471 (2003) (distinguishing mental health from life history mitigation in terms of the essential scope of capital counsel's penalty-related investigation). Notably, as well, the PCRA court treated the claim on its merits, and I would affirm its reasoning as such. In particular, in its role as fact-finder, the PCRA court accepted the testimony of the Commonwealth's expert psychiatrist to the effect that Appellant suffered from no mental health deficits; furthermore, the court highlighted the substantial weaknesses in the case of mental-health mitigation offered by Appellant in the post-conviction proceedings. In this regard, the PCRA court's findings, and related determination concerning a lack of prejudice, are amply supported by the record.

Additionally, with regard to the testimony of Dr. Isadore Mihalakis to the effect that the victim experienced terror, I would reference the Court's decision in *Commonwealth v. King*, 554 Pa. 331, 721 A.2d 763 (1998), in which the Court struck the torture aggravator in a direct appeal based on similar testimony by Dr. Mihalakis. *See id.* at 366–68, 721 A.2d at 781–82. I would also expressly note that the difference in outcome here must thus lie in the governing standard of review, namely, the burden on a PCRA petitioner, and/or one challenging counsel's stewardship, to establish prejudice, versus the more exacting burden imposed on the Commonwealth of establishing harmlessness upon the finding of preserved trial error on direct appeal. *See generally Commonwealth v. Howard*, 538 Pa. 86, 99–100, 645 A.2d 1300, 1307–08

(1994) (elaborating on this distinction and its consequences on appellate and/or post-conviction review).

Justice NIGRO joins this concurring opinion.