COMMONWEALTH of Pennsylvania,
Appellee

v.

Darryl PITTS, Appellant.

Superior Court of Pennsylvania.

Submitted July 5, 2005.

Filed Aug. 25, 2005.

Reargument Denied Nov. 3, 2005.

Sondra R. Rodrigues, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: FORD ELLIOTT, KELLY, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Darryl Pitts appeals the order denying his petition for collateral relief from the judgment of sentence pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (PCRA). Pitts asserts that the court erred in denying his petition without a hearing because two claims of ineffective assistance of counsel (IAC) raised in his petition merited further examination. Both claims arise from the purported ineffectiveness of trial counsel in failing to challenge the composition of the jury based on Pitts's speculation of juror bias. Because we find no support for Pitts's claims of IAC, we find no error in the trial court's determination. Accordingly, we affirm the court's denial of post-conviction relief.

¶ 2 Pitts is currently incarcerated at SCI–Greene County upon convictions of Burglary, Theft by Unlawful Taking, and Robbery. The evidence at Pitts's trial showed that he had twice broken into the home of victim Helen Matusala and had, on the first occasion, dragged her through the apartment by the hair as he searched for items of value. Following Pitts's apprehension and conviction, the trial judge, the Honorable Patricia A. McInerney, imposed an aggregate term of incarceration of 40 to 80 years, but upon motion for reconsideration, reduced the sentence to 30 to 60 years.

¶ 3 On November 6, 2000, this Court affirmed the judgment of sentence on direct appeal. *See Commonwealth v. Pitts,* 768 A.2d 886 (Pa.Super.2000) (unpublished memorandum). Subsequently, our Supreme Court denied allowance of appeal, *see Commonwealth v. Pitts,* 565 Pa. 668, 775 A.2d 805 (2001), and, on June 4, 2001, Pitts filed his first post conviction petition. The trial court appointed counsel, who found Pitts's asserted issues previously litigated on direct appeal and, consequently, filed a *Finley* letter asking to withdraw. After sending Rule 907 notice of intent to dismiss to which Pitts made no response, the court dismissed his petition and granted counsel's request.

¶ 4 After Pitts appealed the trial court's order, *pro se,* a panel of this Court found counsel's *Finley* letter deficient for its failure to address the two issues concerning jury bias that are now the subject of this appeal. Accordingly, we remanded

with direction to the trial court to appoint new counsel who would either file an amended brief discussing the jury bias issues or explain in a "no merit" letter why they could not be pursued. The court appointed as new counsel Sondra Rodrigues, Esquire, who filed an amended PCRA petition on Pitts's behalf. However, upon review of the petition, Judge McInerney dismissed Pitts's claims without a hearing, thus generating this appeal.

■ ¶ 5 Still represented by Attorney Rodrigues, Pitts raises the following questions for our review:

A. Whether the PCRA court erred in denying the Appellant's PCRA petition without a hearing where prior PCRA counsel was derelict in his duty by failing to properly raise and preserve the issue of appellate counsel's malfeasance in failing to properly raise and preserve the issue of trial counsel's substandard stewardship for failing to properly question juror Michael White after he stated to the court that, "I think I have in [*sic*] problem following your instructions."

B. Whether the PCRA court erred in denying the Appellant's PCRA petition without a hearing where prior PCRA counsel was derelict in his duty by failing to properly raise and preserve the issue of appellate counsel's malfeasance in failing to properly raise and preserve the issue of trial counsel's substandard stewardship for in [*sic*] selecting almost an entire panel of jurors who were potentially biased because they had been victims of crimes of violence, witnessed a crime of violence or knew someone who had been a victim of a crime of violence?

Brief for Appellant at 5. Before proceeding to the merits of these questions, we note that the Commonwealth would find Pitts's claims waived for failure of his current counsel to identify, by name, J. Michael Wolf, Esquire, who was counsel on direct appeal and to identify Attorney Wolf's ineffective acts or omissions. Brief for Appellee at 6 (citing *Commonwealth v. Lopez*, 578 Pa. 545, 854 A.2d 465, 469 (2004)). The Commonwealth concedes that Pitts's brief does challenge the stewardship of appellate counsel, but argues that because it misidentified him, it effectively failed to state a properly layered claim of IAC. Brief for Appellee at 7 ("Although defendant refers to [Attorney Robert] Hoof as appellate counsel, he served only as post-verdict counsel. Another attorney, J. Michael Wolf, Esq. was appointed to represent defendant on direct appeal."). We reject the Commonwealth's waiver claim as stated. Although the Court's decision in *Lopez* recognizes the need that each prong of the IAC standard be established with regard to counsel at each stage of litigation during which ineffective assistance of prior counsel could have been raised, nothing in *Lopez* requires that IAC be established against each attorney by name.

¶ 6 Nevertheless, we note upon review of the arguments Pitts posits in support of his questions that neither discusses specific factors that might make appellate counsel's performance deficient in the context of an IAC claim. On more than one occasion, our Supreme Court has instructed that to establish IAC of appellate counsel based on the antecedent ineffectiveness of trial counsel, the petitioner must demonstrate: "(1) the underlying claim of trial counsel's ineffectiveness has arguable merit; (2) appellate counsel had no reasonable basis for failing to pursue the claim; and (3) but for appellate counsel's ineffectiveness, the result on direct appeal would have differed." *Commonwealth v. Moore*, 580 Pa. 279, 860 A.2d 88, 94 (2004); *see also Lopez*, 854 A.2d at 468–69; *Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014, 1020–21 (2003); *Commonwealth v.*

*duPont*, 860 A.2d 525, 531–32 (Pa.Super.2004).

¶ 7 In *duPont*, we amplified the holdings of *McGill* and *Lopez*, stressing the imperative that to establish a layered claim of IAC, a PCRA petitioner must demonstrate each prong of the foregoing measure with particularity:

> Under the law applicable at the time of duPont's post-conviction challenge, where a challenge to the effectiveness of counsel first occurs in the context of a PCRA petition, the petitioner must assert "layered ineffectiveness" of counsel—in effect, that not only was trial counsel ineffective in some material way at trial, but that appellate counsel *also* was ineffective, according to the above three-pronged analysis, in failing to raise on direct appeal some alleged instance of trial counsel's ineffectiveness. *See generally Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014, 1021–23 (2003) (describing what the PCRA requires appellants to plead and prove to establish "layered ineffectiveness" of counsel).

> \*   \*   \*   \*   \*   \*

> In a more recent case, our Supreme Court reaffirmed a strict reading of *McGill. See Commonwealth v. Lopez*, 578 Pa. 545, 854 A.2d 465, 2004 WL 1632646 (2004). The Court in *Lopez* explained that all three prongs of the *Pierce* test must be pleaded and proved as to trial counsel by a PCRA petitioner simply to establish that the layered ineffectiveness allegation regarding trial counsel satisfies the arguable merit prong of *Pierce* as to appellate counsel. *See Lopez*, 578 Pa. 545, 854 A.2d 465, 468. Assuming the PCRA petitioner carries this burden, he then must plead and argue the second and third *Pierce* prongs as to appellate counsel. *See id.* The implication, of course, is that *even*

> *where petitioner has a colorable claim of trial counsel ineffectiveness, that is not in itself sufficient to prove appellate counsel's ineffectiveness;* appellate counsel nevertheless may have had a reasonable basis for declining to pursue the ineffectiveness claim on appeal, or alternatively, appellate counsel's failure to do so might not have prejudiced petitioner to an extent warranting relief. *Cf. Commonwealth v. Lambert*, 568 Pa. 346, 797 A.2d 232, 244 (2001) ("Claims involving appellate counsel ineffectiveness, moreover, involve concerns unique to appellate practice. Arguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief.").

*duPont*, 860 A.2d at 531–32 (second emphasis added).

¶ 8 Regrettably, the argument Pitts offers in support of his questions is not developed in accordance with the foregoing standard so as to substantiate any deficiency in appellate counsel's performance. In support of his first question, concerning trial counsel's questioning of a juror who purportedly equivocated in a response to *voir dire*, Pitts offers the following discussion:

> If the foregoing is established [concerning the alleged ineffectiveness of trial counsel], appellate counsel would be ineffective for failing to raise and preserve the issue on direct appeal as there could be no reasonable basis for depriving the appellant of his right to meaningful appellate review of the claim. Prior PCRA counsel would likewise be derelict in his duty for not even addressing the issue. Prejudice would be presumed.

Brief for Appellant at 20. Pitts's discussion of appellate counsel's role underlying

his second question is similarly abbreviated. Pitts argues as follows:

> As with the previous claim, if it is established that trial counsel was derelict in his duty, appellate counsel would be likewise ineffective for failing to raise and preserve the issue of trial counsel's malfeasance in selecting a jury where the majority of the panel was potentially biased due to its experiences with violent crime. There could be no reasonable basis for depriving the appellant of his right to meaningful appellate review of the claim. If deemed true, prior PCRA counsel [sic] would then also be ineffective as there could be no reasonable basis for depriving the appellant of his right to meaningful collateral review of a meritorious claim not litigated in a prior proceeding. Prejudice would be presumed.

Brief for Appellant at 24.

¶ 9 In both of these discussions, Pitts assumes that a finding of arguable merit concerning the assistance of trial counsel establishes the ineffectiveness of appellate counsel. As our Supreme Court enunciated in *Moore*, *McGill* and *Lopez*, and as we elaborated in *duPont*, such an approach fails to demonstrate independent deficiencies in appellate advocacy that, although arising with reference to the assistance of trial counsel, must stand on their own. *See Lambert*, 797 A.2d at 244 ("Claims involving appellate counsel ineffectiveness, moreover, involve concerns unique to appellate practice. Arguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief."). Because we find Pitts's argument insufficiently developed to allow a layered IAC claim, we are compelled to deem his assertions of trial court error in refusing to convene an evidentiary hearing

on these claims waived. *See Lopez*, 854 A.2d at 469 (deeming IAC claims waived where petitioner failed to develop through discussion of reasonable basis and prejudice prongs of IAC standard, how appellate counsel rendered IAC in failing to advance claims of trial counsel ineffectiveness). As neither of Pitts's questions provides grounds for an evidentiary hearing in support of his PCRA petition, we affirm Judge McInerney's order denying post-conviction relief without a hearing.

¶ 10 Order AFFIRMED.

¶ 11 FORD ELLIOTT, J., Concurs in the Result.