J-S13020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS EDWARD MATTSON | |
| Appellant | No. 890 WDA 2014 |

Appeal from the PCRA Order May 2, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000740-2008

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 02, 2015**

Appellant, Douglas Edward Mattson, appeals from the May 2, 2014 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

The trial court summarized the procedural history of this case in its May 2, 2014 opinion as follows.

> On September 10, 2008, [Appellant] appeared before the Honorable Ernest J. DiSantis, Jr., for a trial by jury.  On September 12, 2008, [Appellant] was found not guilty of Rape of Child and Involuntary Deviate Sexual Intercourse with a Child.[1]  [The victim was Appellant's nine-year-old step-daughter.] Judge DiSantis declared a mistrial out of manifest necessity, as the jury was hung on the remaining counts of Aggravated Indecent Assault of a Child, Endangering the Welfare of Children, Corruption of Minors and three Counts of Indecent Assault.[2]
>
> [Appellant] did not seek a new trial.  Rather, [Appellant] appeared before the Honorable John

Garhart on January 8, 2009 and entered a plea of *nolo contendere* to Endangering Welfare of Children and Indecent Assault.[3] Together with [Appellant]'s plea, Judge Garhart ordered a State Board Assessment regarding [Appellant]'s Sexual Offender status pursuant to 42 Pa.C.S. § 9794. On April 28, 2009, [Appellant] was provided Notice to Defendant of Duty to Register Pursuant to 42 Pa.C.S. § 9791. That same day, [Appellant] was sentenced to an aggregate term of incarceration of three (3) to ten (10) years. [Appellant] then filed a Motion for Modification of Sentence on May 8, 2009, and said Motion was denied by Judge DiSantis on May 26, 2009.

On June 24, 2010, [Appellant] filed a Motion for Post Conviction Collateral Relief, alleging therein new facts pertaining to the credibility of a key witness that testified against him. [Appellant] also requested that he be permitted to withdraw his no contest plea. On August 25, 2010, Judge DiSantis granted the requested relief. Subsequently, the Commonwealth submitted a motion to Judge DiSantis, asking that all charges against [Appellant] be reinstated. Judge DiSantis granted the Commonwealth's Motion on November 2, 201[0].

On November 18, 201[0], [Appellant] proceeded to a jury trial []. [Appellant] was convicted of Aggravated Indecent Assault of Child, Endangering Welfare of Children, Corruption of Minors, and three (3) counts of Indecent Assault. By Order of November 22, 2010, th[e trial c]ourt directed the Sexual Offenders Assessment Board to perform an assessment of the [Appellant], again pursuant to 42 Pa.C.S. § 9794. [Appellant] appeared before th[e trial c]ourt for a Sexually Violent Predator Hearing and sentencing on July 7, 2011. Based upon the testimony of Branda Manno, member of the Sexual Offenders Assessment Board, and reports submitted on the record at that hearing, [] Appellant was adjudicated a Sexually Violent Predator (hereinafter "SVP").

[Appellant] filed a Motion for Post-Sentence Relief on July 15, 2011, requesting that th[e trial c]ourt reconsider his SVP status. After a hearing on the matter, th[e trial c]ourt denied [Appellant]'s Post Sentence Motion to Reconsider Sentence.

On February 21, 2012, [Appellant] filed a Petition for Post Conviction Collateral Relief requesting that his right to direct appeal be reinstated *nunc pro tunc*. [Appellant] alleged and th[e trial c]ourt agreed that [Appellant]'s trial counsel failed to file a direct appeal per [Appellant]'s direct appeal rights and on April 2, 2012, [Appellant] filed a Notice of Appeal. On Appeal [Appellant] raised the following issues: (1) whether the trial court erred in finding that he met the criteria for a SVP under Megan's Law, (2) whether the trial court erred in not excluding the testimony of Richard Beitzel, the victim's mother's paramour. On December 21, 2012, the Superior Court affirmed th[e trial c]ourt's judgment of sentence. The Superior Court held that the issue regarding the testimony of Richard Beiztel was waived for purposes of appellate review.[1]

On November 15, 2013, [Appellant] filed the instant *pro se* PCRA Petition. On November 30, 2013, William J. Hathaway, Esq., was appointed PCRA counsel. Attorney Hathaway submitted a Supplemental PCRA Petition on behalf of [Appellant] on December 10, 2013. Therein, Attorney Hathaway argues that trial counsel, Attorney Nicole Sloane, was ineffective for: (1) failing to object to the Commonwealth's leading questions posed to the victim on direct examination, and (2) for failing to object to the testimony of Richard Beitzel as irrelevant. The Commonwealth filed its Response to [Appellant]'s Supplemental PCRA on December 24, 2013.

---

[1] **Commonwealth v. Mattson**, 64 A.3d 34 (Pa. Super. 2012) (unpublished memorandum).

An evidentiary hearing and oral argument on [Appellant]'s PCRA claims was held on February 25, 2014.

_____

[1] 18 Pa.C.S. §[§] 3121(c) and [] 3123(b).

[2] 18 Pa.C.S. §[§] 3125(b), [] 4304, [] 6301, and [] 3126.

[3] 18 Pa.C.S. §[§] 4304(a)(1) and [] 3126(a)(7).

Trial Court Opinion, 5/2/14, at 1-3 (some footnotes in original).

On May 2, 2014, the PCRA court filed an order and opinion, denying the requested relief and dismissing Appellant's PCRA petition. On May 30, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following questions for our review.

A. Whether [] Appellant was afforded ineffective assistance of counsel due to trial counsel's failure to object to pervasive leading questions posed by the Commonwealth to the alleged victim during her trial testimony?

B. Whether [] Appellant was afforded ineffective assistance of counsel due to trial counsel's failure to object to the admission of trial testimony from Commonwealth witness Richard Beitzel and in otherwise failing to preserve said claim for direct appellate review?

Appellant's Brief at 2.

_____

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. The PCRA court referenced its May 2, 2014 opinion as containing the reasons for its rulings relative to Appellant's issues on appeal.

We note the following principles, which guide our consideration of an appeal from the denial of PCRA relief.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3).

In both of his issues, Appellant alleges ineffectiveness of trial and direct appeal counsel. When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.

- 5 -

> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

In his first issue, Appellant alleges ineffective assistance of trial counsel for her failure to object to leading questions posed by the Commonwealth to the victim during her direct testimony at trial. Appellant's Brief at 4. "The Petitioner was afforded ineffective assistance of counsel in that defense counsel did not object to the pervasive and prejudicial level of leading questions that were posed to the minor alleged victim[] during her direct examination." *Id.* at 5. The trial court determined that Appellant failed to establish the second prong of the test for counsel ineffectiveness because counsel articulated a reasonable strategy for declining to object to the admittedly leading questions. PCRA Court Opinion, 5/2/14, at 4.

> Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if [s]he chose a particular course that had some reasonable basis designed to effectuate h[er] client's interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Also [a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion.... The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (internal quotation marks and citations omitted).

The PCRA court summarized trial counsel's explanation as follows.

> As to the issue of leading questions posed to the victim, [trial counsel] stated that the victim was young and had a significant speech impediment. Based on these circumstances, [trial counsel] felt that [the] Assistant District Attorney[]'s leading questions were appropriate and she feared alienating the jury if she objected to or complained about the leading nature of the questions. [Trial counsel] also indicated that she did not want to highlight issues in the minds of the jurors or indicate that there was testimony that the defense did not want the jury to hear by objecting.

Trial Court Opinion, 5/2/14, at 3; *see* N.T., 2/25/14, at 11-13. The PCRA court found trial counsel's testimony credible and her trial strategy in this regard sound. *Id.* at 4.

Appellant argues to the contrary that counsel's "explanation does not reflect any sound strategic decision as the mere raising of objections to

leading questions would not serve to denigrate the witness capacity but instead is merely intended to curtail and impugn the conduct of the examining counsel." Appellant's Brief at 6. We conclude the PCRA court's findings are supported by the record and its legal conclusion relative to the soundness of trial counsel's decision not to object correct. Confronting a similar challenge to trial counsel ineffectiveness for failing to object to leading questions posed to a minor witness, this Court held as follows.

> Moreover, children are easily intimidated by the courtroom setting, and a trial judge should display a certain tolerance for direct, succinct, and even leading questions. *See*, *Commonwealth v. Willis*, 552 A.2d 682 n. 3 ([Pa. Super.] 1988), *allocatur denied*, 559 A.2d 527 ([Pa.] 1989) (children should be asked direct rather than convoluted or compound questions during examination). Thus, it was not unreasonable for counsel to avoid repetitious objections, knowing that the trial judge was allowing the Commonwealth's attorney latitude.

*Commonwealth v. Polston*, 616 A.2d 669, 678 (Pa. Super. 1992) (parallel citations omitted), *appeal denied*, 626 A.2d 1157 (Pa. 1993).

Based on the foregoing, we conclude that Appellant failed to establish that trial counsel's decision not to object to the Commonwealth's leading questions had a "reasonable basis designed to effectuate h[er] client's interests." *Koehler*, *supra.* Therefore, we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's PCRA petition relative to this claim.

Appellant next claims trial counsel was ineffective for failing to object to the testimony of Commonwealth witness, Beitzel, and otherwise preserve the issue for direct appeal. Appellant's Brief at 6. Beitzel was the paramour of Appellant's wife, who is the victim's mother. Appellant's Brief at 6. "The introduction of his testimony in the Commonwealth's case was extraneous, irrelevant and not admissible as an element of proof and served to prospectively confuse and distract the jury to the detriment of [Appellant] through the introduction of a superfluous and irrelevant issue." *Id.* at 8-9.[3]

In her opening comments to the jury, trial counsel suggested that the victim's allegations may have been fabricated at the instigation of her

_____

[3] Appellant also claims direct appeal counsel, Tina M. Fryling, Esquire, was ineffective for failing to preserve this issue on direct appeal. On direct appeal, this Court found Appellant's issue waived for failure to include it in his Rule 1925(b) statement. *Mattson*, *supra* at 14. Appellant alleges, however, the following.

> Moreover, upon review of the case record, not only was said claim not preserved in the 1925(b) statement as cited by the appellate court, the claim would have been waived as well due to the failure to preserve the claim for appeal either through timely objection at trial or inclusion in a post-sentence motion, neither of which was undertaken on behalf of [A]ppellant in this case.

Appellant's Brief at 3. Because of our resolution of Appellant's claim of ineffective assistance by trial counsel, *infra*, we do not reach this portion of Appellant's layered ineffectiveness of counsel claim. *See Commonwealth v. Lopez*, 854 A.2d 465, 469 (Pa. 2004) (recognizing a layered ineffectiveness claim begins with an assessment of trial counsel's performance and a failure to establish ineffectiveness of trial counsel defeats the entire claim).

mother, Appellant's wife, to "facilitate [Appellant's] removal from the home and permit her to engage in another relationship without that impediment." Appellant's Brief at 7; see N.T., 11/18/10, at 28-29. Trial counsel did not mention Beitzel as the object of that motivation in her opening or in cross-examination of other Commonwealth witnesses. The Commonwealth called Beitzel in its case in chief to establish that he first became acquainted with Appellant's wife several months after the date of the alleged sexual assault. *See* N.T., 11/19/10, at 4-5.[4]

_____

[4] The Commonwealth notes that Beitzel's "testimony was brief and limited in scope." Commonwealth Brief at 1. The direct testimony consisted of substantially the following.

> [DISTRICT ATTORNEY]
> Q.    And with whom do you live?
> [Beitzel]
> A.    [A.R. (victim's mother)], my girlfriend [and my children.]
> Q.    All right. And, Richard, when did you first start talking to [A.R.]?
>                        …
> A.    Roughly around the beginning of March of 2008.
> Q.    And how did you start your communication with [A.R.]?
> A.    Through Lavalife chat.
> Q.    Through a chat site?
> A.    Yes.
> Q.    All right, did you know [A.R.] before the beginning of March of 2008?
> A.    No.
> Q.    Did you know [Appellant] before?
> A.    No.
> Q.    Where were you living at the time you were talking to [A.R.]?

*(Footnote Continued Next Page)*

- 10 -

The PCRA court concluded that Appellant failed to establish the third, *i.e.*, the prejudice, prong of the test for counsel's ineffectiveness. Trial Court Opinion, 5/2/14 at 4. "With or without [] Beitzel's testimony, the result in this matter would have been the same considering all the testimony presented in this case, including [Appellant's] own testimony that he was naked in bed with the victim." ***Id.***

Our Supreme Court has recently clarified the nature of a PCRA petitioner's burden to show prejudice from actions or inaction of counsel. "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 84 A.3d 294, 312 (Pa. 2014) (internal quotation marks and citations omitted).

> However, [] the test for prejudice in the ineffectiveness context is more exacting than the test for harmless error, and the burden of proof is on

*(Footnote Continued)* ───────────────

A.    Bucyrus, Ohio.

Q.    And how long had you been living in Ohio?

A.    Roughly around six years.

Q.    You started talking to [A.R.] in March of 2008. When did you actually meet her face-to-face?

A.    I met her probably around the 5th of April.

N.T., 11/19/10, at 4-5.

the defendant, not the Commonwealth. As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error.

*Id.* at 315 (internal quotation marks and citations omitted).

Upon careful review of the record, we agree with the PCRA court that even had an objection to Beitzel's testimony been sustained, it is unlikely the outcome would have been different. **See Spotz**, **supra**. Beitzel's testimony was short and could have not have induced confusion or distraction in the jury to make them lose focus of the issues in this case. The testimony of the victim and other Commonwealth witnesses makes it more than reasonably probable the jury's verdict would be the same. **See generally** N.T., 11/18-19/10. For these reasons, we conclude the PCRA court committed no error or abuse of discretion in dismissing Appellant's PCRA petition relative to this claim.

Having determined the PCRA court properly dismissed Appellant's PCRA petition for his failure to meet his burden to establish trial counsel was ineffective, we affirm the May 2, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

- 12 -