J-S31009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERTO LEE TORRES, | |
| Appellant | No. 1595 MDA 2015 |

Appeal from the PCRA Order August 20, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001954-2011

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED MAY 04, 2016**

Appellant, Alberto Lee Torres, appeals from the order entered on August 20, 2015, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 4, 2012, following a jury trial, Appellant was convicted of aggravated assault, simple assault, recklessly endangering another person ("REAP"), and possessing a prohibited offensive weapon.  At a separate trial held on January 2, 2013, a jury convicted Appellant on a charge of persons not to possess firearms.  On March 27, 2013, the trial court sentenced Appellant to an aggregate term of eleven and one-half to twenty-three years of incarceration in a state correctional institution.  Appellant filed a timely

_____

[*]  Retired Senior Judge assigned to the Superior Court.

post-sentence motion that was denied by the trial court in an order filed on April 10, 2013, and Appellant filed a timely appeal. This Court affirmed Appellant's judgment of sentence on March 21, 2014, and the Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Torres***, 1259 MDA 2013, 100 A.3d 315 (Pa. Super. filed March 21, 2014) (unpublished memorandum), *appeal denied*, 97 A.3d 744 (Pa. 2014).

On March 9, 2015, Appellant filed a timely PCRA petition. The PCRA court held a hearing on Appellant's petition on May 27, 2015. On August 20, 2015, the PCRA court denied Appellant's PCRA petition, and Appellant filed a timely appeal. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[1]

On appeal, Appellant raises the following issues for this Court's consideration:

1. Whether the Court erred in finding [Appellant] failed to show that but for wearing the stun belt, there would have been a different result, thus denying [Appellant's] first claim, when:

   a. The Sheriff's policy which requires all defendants at trial to wear a stun belt violates case law; and,

   b. Trial Counsel admitted that he was not even aware of the Sheriff's policy, did not know that [Appellant] was made to wear a stun belt, and would have raised the issue with the Court had he known it was a concern; and,

---

[1] In its Pa.R.A.P. 1925(a) opinion, the PCRA court incorporated by reference the August 20, 2015 opinion and order denying Appellant's PCRA petition.

c. [Appellant] questioned the use of the stun belt when it was put on him, but was informed that it was a matter of policy.

Appellant's Brief at 5. In the argument portion of his brief, Appellant frames his issue as a claim of ineffective assistance of counsel for failing to object to wearing the stun belt. *Id*. at 9.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Additionally, counsel is presumed effective, and it is the defendant's burden to prove ineffectiveness. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel did not have a reasonable basis for his actions or failure to act; and (3) the

petitioner suffered prejudice as a result of counsel's deficient performance. *Id*. An appellant's claim fails if he cannot meet any one of these prongs. *Id*.

As noted above, Appellant argues that his counsel was ineffective in failing to object when he was required to wear a stun belt. Appellant's Brief at 10. Appellant baldly asserts that, because he was made to wear the stun belt, he was nervous and unable to assist in his defense. Appellant's Brief at 12. In *Commonwealth v. Lopez*, 854 A.2d 465, 469-470 (Pa. 2004), our Supreme Court addressed a nearly identical claim of error:

> It is difficult to ascertain what prejudice allegedly resulted from appellant's wearing the belt, beyond the prejudice of not being able to escape. Appellant does not allege the jury was prejudiced by seeing him in the belt, but instead claims it constricted his breathing and movement, thereby interfering with "his Sixth Amendment right to assist his counsel." Appellant's Brief, at 8. However, appellant has not demonstrated that but for the belt, the outcome of his trial would have differed. Accordingly, his claim of trial counsel's ineffectiveness fails, and this necessarily defeats his claim of appellate counsel's ineffectiveness.

*Lopez*, 854 A.2d at 469-470.

The same is true in the case at bar. Appellant does not argue that the jury saw the stun belt, only that Appellant was nervous while wearing it. Appellant's Brief at 12-13. The PCRA court addressed Appellant's issue as follows:

> [Appellant] testified at his PCRA hearing that he was outfitted with a "RACC" belt, which is a form of stun belt. The belt is wrapped around the defendant's waist and is remotely operated by a Sheriff's Deputy in the courtroom. The stun belt emits an electric shock to immobilize a defendant. The stun belt was affixed to [Appellant's] waist and was beneath his clothing. All testimony confirms that the belt was not visible to the public

or jurors, and no mention of it was ever made to the jurors. [Appellant] asserts that the compulsion to wear the stun belt inhibited his free participation in the course of the trial, and that it "made him nervous." Furthermore, he asserts that it inhibited his ability to testify on his own behalf at trial, thus violating his 6th Amendment rights to counsel and a fair trial.

[Appellant's] trial counsel, Drew Deyo, testified that he did not notice that [Appellant] was wearing the stun belt; he was not aware of the Sheriff's policy which requires all defendants at trial to wear a stun belt, and that he had in fact advised [Appellant] against testifying as his testimony would be more harmful than helpful to him. He assumed that [Appellant] would be claiming his innocence if he testified.

This Court notes that the trial transcript reveals at the conclusion of the testimony of the trial on January 2, 2013, [Appellant] was given an opportunity to either assert his 5th Amendment right or indicate if he wished to testify. The colloquy was conducted outside of the presence of the jury after [Appellant] was placed under oath. The Court first confirmed that [Appellant] had the benefit of his privately retained counsel, Drew Deyo, Esquire. The Court confirmed that [Appellant] understood that he could not be compelled to make any statements under the 5th Amendment to the Constitution. The Court also confirmed with [Appellant] that the trial was the time and place for him to address the jury if he wished to do so. [Appellant] answered in the affirmative that he understood all of his rights. Furthermore, the Court confirmed that [Appellant] understood that he could not ask to come forward a day, a week, 30 days, or a year from now and indicate that he was denied an opportunity to testify on his own behalf. [Appellant] confirmed that he understood that the trial was the time and place to address the jurors. By this Court's recollection, he did not assert that he was nervous, concerned, or fearful of being shocked by the stun belt. [Appellant] confirmed in the colloquy with the Court that he had adequate time to discuss the issue of whether or not he should testify with his attorney. He also indicated he was exercising his right to remain silent. (Pgs of trial transcript 161-162).

In the case of Comm. v. Romero, 595 Pa. 275, 297-298, 938 A.2d 362, 375 (Pa. 2007), the Pennsylvania Supreme Court found that where a stun belt was not visible to the jury and was

- 5 -

underneath the appellant's clothing, that "a jury could not have been prejudiced by what it could not see." Id. In that case, the Defendant Romero offered no testimony regarding the psychological effect upon him. In this instance, the Court finds that [Appellant] has offered testimony relating [to] the alleged psychological effect, yet the Court is of the opinion that having heard [Appellant's] testimony, that such testimony is not credible in light of the fact that the Court took the time to affirmatively confirm whether or not [Appellant] wished to testify at the time of trial. Furthermore, by his own counsel's testimony, there appeared to be no visible signs to his trial counsel that he was somehow psychologically affected by wearing the stun belt. In fact, his counsel was unaware that he was wearing it at the time of his trial. If the application and use of such a device was causing [Appellant] stress at trial, this Court could reasonably expect that [Appellant] would offer a complaint to his counsel about the use of such a restraint, and request that it be addressed. In fact, [Appellant] acknowledges that although wearing it to him may have seemed "weird," it was not until he was transported to SCI Smithfield and presumably began to investigate such issues that the question of illegality of its use was brought to his attention. However, a challenge regarding illegality is not the sole inquiry per the case law of the Commonwealth of Pennsylvania. There must be more than mere alleged illegal use. It must affect or prejudice the [d]efendant's case in the eyes of the jury or to have such a psychological impact that it would deny him the opportunity to fully participate in the trial. The Court considers [Appellant's] testimony at his PCRA hearing to be self-serving in that he is now attempting to contradict all the evidence which points to the contrary. Simply by saying that he could not adequately voice his concerns about the use of the belt to his counsel is not credible. The Court takes into account that Mr. Deyo was his privately retained counsel and presumably the relationship was one such that [Appellant] had assurances of the attorney-client relationship and would have trusted such matters to his counsel. The complaint that [Appellant] is now lodging about the impact that the stun belt had upon him are in this Court's view not credible. For that reason, the Court finds that there is no evidence to support [Appellant's] claim that there was a psychological impact upon him which affected his participation in the trial.

In Comm. v. Lopez, 578 Pa. 545, 553, 845 A.2d 465, 469-470 (Pa. 2004), the Pennsylvania Supreme Court has established

- 6 -

that when a Defendant is asserting a claim of ineffective assistance of counsel, he must prove "that but for the belt, the outcome of the trial would have been different." Id. As this Court has stated, [Appellant's] testimony in this area was not persuasive or credible. The Court finds that it is at best self-serving, and while [Appellant] may have had concerns about wearing the belt, he was given ample opportunities to reveal to counsel and the Court what impact it was having upon him throughout the course of the trial. This Court is of the opinion that [Appellant] has failed to show how he was psychologically impacted or so affected that he could not engage with his counsel throughout the course of trial. In fact, Mr. Deyo confirmed that if there was any concern at all raised at any time throughout the course of the trial, he would have brought it to the attention of the court and insisted that it be addressed.

For these reasons, [Appellant] has failed to show that but for the wearing of the stun belt, there would have been any change in the result of trial. For those reasons, his claim of ineffective assistance of trial counsel must fail.

PCRA Court Opinion and Order, 8/20/15, at 2-5. We agree with the PCRA court's conclusion that Appellant failed to establish prejudice.

In his brief, Appellant also challenges the policy of wearing the stun belt as a basis upon which counsel should have objected. Appellant's Brief at 10. Appellant avers that, without a finding of "extreme need," the policy is a violation of Pennsylvania law. *Id*. However, the case Appellant cites is a non-precedential memorandum from the Commonwealth Court, *Brown v. Bovo*, 2339 CD 2008, 980 A.2d 223 (Pa. Cmwlth. filed September 14, 2009) (unpublished memorandum). In addition to *Brown* being a non-precedential decision, the "extreme need" language cited therein is in connection to a defendant in a federal case appearing in the courtroom in visible leg-irons and handcuffs. *Lemons v. Skidmore*, 985 F.2d 354, 359

(7th Circuit 1993). However, **nothing in the case at bar reveals that Appellant wore shackles or that the stun belt was visible to the jury**.[2] Under the facts presented here, the "extreme need" analysis is inapplicable because the stun belt was not visible, and we have already concluded that Appellant failed to show prejudice.[3]

For the reason set forth above, Appellant's ineffectiveness claim fails. Accordingly, we affirm the order denying Appellant's PCRA petition. **Martin**, 5 A.3d at 183.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016

_____

[2] "The Fifth and Fourteenth Amendments prohibit the use of **physical restraints visible to the jury** absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." **Deck v. Missouri**, 544 U.S. 622, 642 (2005) (emphasis added).

[3] We must also point out that counsel testified credibly that Appellant never informed him that he was wearing the stun belt. While we have already concluded that Appellant failed to establish prejudice, were we to reach this issue, we would not find that counsel was ineffective for failing to raise an issue that Appellant did not reveal. **See Commonwealth v. Willis**, 68 A.3d 997, 1009-1010 (Pa. Super. 2013) (finding that counsel was not ineffective for failing to raise a claim of which she was unaware).