COMMONWEALTH of Pennsylvania,
Appellee

v.

Robert Bryan JONES, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 28, 2005.

Filed May 4, 2006.

Jennifer L. Jackson, Munhall, for appellant.

Michael W. Streily, Deputy District Attorney, Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: MUSMANNO, KLEIN and JOHNSON, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Robert Bryan Jones ("Jones") appeals from the Order of court denying his Motion for nominal bail pursuant to Penn-

sylvania Rule of Criminal Procedure 600(E).[1] We affirm.

¶ 2 The trial court summarized the relevant history of this case as follows:

[Jones] was charged with Rape (18 Pa.C.S.A. § 3121), Involuntary Deviate Sexual Intercourse (18 Pa.C.S.A. § 3123), Sexual Assault (18 Pa.C.S.A. § 3124.1), Indecent Assault (18 Pa. C.S.A. § 3126), and Simple Assault (18 Pa.C.S.A. § 2701(a)). He was arrested and jailed on these charges on May 8, 2004. At the time of his arrest he was a fugitive, having forfeited his bond by failing to appear for trial on rape and other related charges in another case pending in Allegheny County. A preliminary hearing was held on May 20, 2004, before District [Judge] Elissa Lang, and all charges were held for court. A trial was scheduled for January 12, 2005.

On December 2, 2004, [Jones] filed a Motion for Nominal Bond Pursuant to [Rule] 600. On December 13, 2004, the Commonwealth filed a Petition to Revoke Bond. A hearing was held on both motions on December 14, 2004. Following this hearing, [the trial] court denied [Jones's] Motion for Nominal Bond and granted the Commonwealth's Petition to revoke Bond.

Trial Court Opinion, 7/20/05, at 1. Jones then filed this appeal in which he raises the following issue: "Whether the trial court erred in denying [Jones] nominal bail pursuant to Rule 600 where [Jones was] charged with non-capital offenses, has been held in pretrial incarceration for a period in excess of 180 days, and no exceptions under Rule 600(C) apply?" Brief for Appellant at 2.

Our standard of review in evaluating Rule [600] issues is whether the trial court abused its discretion.... The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule [600] evidentiary hearing and the findings of the lower court. In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. McNear*, 852 A.2d 401, 404 (Pa.Super.2004) (citations and quotations omitted). This Court recently explained:

[W]hen considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith

---

**1.** An order relating to bail is subject to review pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1762(b)(2); *Commonwealth v. Heiser*, 330 Pa.Super. 70, 478 A.2d 1355, 1356 n. 1 (1984). If an appeal is taken improvidently from an order of a government unit, the papers related to that appeal shall be regarded and acted upon as a petition for review. Pa.

R.A.P. 1503. Any court of the unified judicial system of the Commonwealth is considered a "government unit." Pa.R.A.P. 102. Here, although Jones filed a Notice of appeal from the Order denying his Motion for nominal bail, we will regard the appeal as a Petition for review pursuant to Chapter 15 of the Rules of Appellate Procedure.

prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Hunt,* 858 A.2d 1234, 1238–39 (Pa.Super.2004) (*en banc*).

¶ 3 Rule 600 provides in pertinent part as follows:

**Rule 600.   Prompt Trial**

**(A)** ...

(2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed...

...

**(C)** In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

...

**(E)** No defendant shall be held in pretrial incarceration on a given case for a period exceeding 180 days excluding time described in paragraph (C) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

Pa.R.Crim.P. 600.

¶ 4 Prior to 1998, the Pennsylvania Constitution provided that a defendant was entitled to bail in all but capital cases. In 1998, Article I, section 14 of the Pennsylvania Constitution was amended to provide other exceptions to the right to bail. Exceptions were added for (1) "offenses for which the maximum sentence is life imprisonment," and (2) cases in which "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community." PA. CONST., art. I, § 14.

¶ 5 Prior to the amendment to Article I, section 14, pursuant to Pennsylvania Rule of Criminal Procedure Rule 600,[2] in noncapital cases, the trial court had no discretion but to release a defendant on nominal bail after 180 days if the Commonwealth could have brought him or her to trial during that period. *Commonwealth v. Abdullah,* 539 Pa. 351, 652 A.2d 811, 812–13 (1995). In addition, prior to the amendment to Article I, section 14, our courts ruled that the provision of section 14 making capital offenses non-bailable "trumped"

**2.**   Formerly Rule 1100.

Rule 600's provision requiring release on nominal bond after 180 days, although dismissal was still the remedy after 365 days. *Commonwealth v. Hill,* 558 Pa. 238, 736 A.2d 578 (1999); *Commonwealth v. Oliver,* 449 Pa.Super. 456, 674 A.2d 287 (1996); *see* Pa.R.Crim.P. 600(G).[3]

¶ 6 Because Article I, section 14 was amended in 1998, the principles set forth in Hill and Oliver require that the provision of Rule 600 requiring release after 180 days is also trumped by Article I, section 14 for cases where "no condition or combination of conditions can ensure the safety of any person and the community . . . ." All of the Article I, section 14 exceptions to bail are contained in the same sentence. Therefore, it appears that the legislature intended to treat those exceptions similarly.

¶ 7 In the present case, there is no dispute that Jones was not brought to trial within 180 days. The trial court, however, determined that even though Jones was incarcerated beyond the Rule 600 180–day period, Jones posed a danger to the community. The trial court noted that at the time of his arrest, (1) Jones was a fugitive on other rape charges, (2) the present case involves an alleged rape and assault of a twenty-five year old woman who was five months pregnant, and (3) Jones has an extensive prior criminal record, including prior convictions for battery, endangering the life of a child, and resisting a peace officer. Trial Court Opinion, 7/20/05, at 3. On this basis, the trial court denied Jones's Motion for nominal bond. *Id.* Although Jones argues that he is not a capital defendant, it is clear from the 1998 amendment to Article 1, section 14 that section 14 applies to cases other than those involving capital offenses.

¶ 8 In addition, Jones has not raised the issue that the evidence does not support the trial judge's finding that no conditions of bail can assure the safety of the community. It appears from a review of the record that the evidence more than supports the trial court's conclusion. Therefore, we conclude that the trial court did not abuse its discretion in denying Jones's request for nominal bond.[4]

¶ 9 Order affirmed.

---

3. Rule 600(G) provides that, "[f]or defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated." Pa.R.Crim.P. 600(G).

4. We note also the Commonwealth's argument that Jones has waived his claim on appeal because he failed to include the transcript of the trial court's hearing on December 14, 2004. Jones indicated in a reply brief that the issue on appeal was not argued at the hearing on December 14, 2004; therefore, a transcript of that proceeding was irrelevant. The Rules of Appellate Procedure provide that the record on appeal shall include "the transcript and exhibits necessary for the determination of the appeal." Pa.R.A.P. 1931(a). If the issue in this appeal was not argued at the December 14, 2004 hearing, then a transcript of that proceeding would not be "necessary" for this Court's determination. The record before us, which consists of the pleadings filed in this case and the transcript of the December 16, 2004 hearing, contains information that supports the trial court's reasons for denying Jones's Motion for nominal bond.