J-A14042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
         Appellee       :
:
           v.           :
:
RAHEEM JONES,         :
:
         Appellant      :     No. 1749 MDA 2014

Appeal from the Order Entered September 9, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s): CP-35-CR-0001871-2013

BEFORE: BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:      **FILED AUGUST 21, 2015**

Raheem Jones (Appellant) appeals from the order entered September 9, 2014, denying his motion for nominal bond under Pa.R.Crim.P. 600. We reverse.

On August 9, 2013, Appellant was charged with multiple violations of the Controlled Drug, Device and Cosmetics Act after allegedly selling crack cocaine to a confidential informant in May of 2013. His bail for these charges was set at $100,000.[1] On August 29, 2013, Appellant waived his preliminary hearing. A criminal information was filed on September 24, 2013.

On October 11, 2013, following a pretrial conference, the trial court issued a scheduling order setting forth the following timeframe: discovery

_____

[1] At the time of his arrest, Appellant was incarcerated and serving a 6-to-12-month sentence on an unrelated case.

* Retired Senior Judge assigned to the Superior Court.

was to be provided on or before October 18, 2013; all pretrial motions were due no later than November 1, 2013; a second pretrial conference/plea date was to occur on November 21, 2013; and trial, if necessary, was to commence on December 9, 2013. Order, 10/11/2013. On October 29, 2013, Appellant's counsel sought a 30-day extension of time in order to review discovery not yet provided by the Commonwealth. The record indicates that no new scheduling order was issued; however, both counsel and Appellant, acting *pro se*, filed a number of pretrial motions with the Lackawanna County Clerk of Courts. On March 11, 2014, counsel filed a motion seeking a bail reduction in the instant case, as well as requesting the trial court parole Appellant on his unrelated sentence. Both requests were denied by the trial court following a hearing on March 21, 2014.

On April 25, 2014, counsel filed a motion to withdraw, which was heard, and denied, on May 22, 2014. Also on May 22nd, a new scheduling order was entered, setting July 10, 2014 as a plea date and scheduling trial, if necessary, for September 8, 2014.

On July 10, 2014, counsel filed, *inter alia*, a petition for nominal bail alleging that Appellant's year-long pretrial incarceration on the instant case violated Rule of Criminal Procedure 600(B)(1). Following a hearing and the submission of briefs from both counsel, the trial court denied Appellant's petition by order dated September 9, 2014.

On September 22, 2014, in response to a letter from Appellant, Appellant's counsel filed a motion to withdraw and requested the trial court appoint new counsel. The trial court granted this request on September 30, 2014, and Terrance J. McDonald, Esquire was appointed to represent Appellant.

Also on September 30, 2014, a few hours after the filing of the order appointing new counsel, Appellant *pro se* filed a "notice of appeal" with this Court, docketed at 79 MDM 2014, seeking review of the trial court's denial of his petition for nominal bond. Although Appellant's filing was couched as a notice of appeal, this Court properly considered it as a petition for review and, on October 9, 2014, denied it on the basis that the *pro se* filing violated this Court's rule against hybrid representation. Order, 10/9/2014. A copy of Appellant's petition and this Court's *per curiam* order were forwarded to counsel.

Not to be deterred, on October 10, 2014, Appellant *pro se* filed an ancillary petition for review with this Court, which was again docketed at 79 MDM 2014. On October 16, 2014, by *per curiam* order, we once again denied the petition due to the prohibition of hybrid representation. A copy of this petition was also sent to counsel. Order, 10/16/2014.

According to the lower court's docket, Appellant's *pro se* "notice of appeal" that initiated the instant case was filed on October 14, 2014. However, the notice of appeal contained in the certified record is date-

stamped September 30, 2014, and the notice filed with this Court is docketed on September 30, 2014. Once more, Appellant therein sought review of the denial of his petition for nominal bond.

On December 17, 2014, this Court issued a rule to show cause to Appellant as to why this appeal should not be quashed as untimely filed. Appellant, through Attorney McDonald, timely filed a response, relying on this Court's decision in *Commonwealth v. Jones*, 899 A.2d 353 (Pa. Super. 2006), to contend that the trial court's September 9, 2014 order was immediately appealable via a petition for review. Appellant's Response to Rule to Show Cause, 1/2/2014. *Jones* provides as follows.

> An order relating to bail is subject to review pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1762(b)(2); *Commonwealth v. Heiser,* 330 Pa. Super. 70, 478 A.2d 1355, 1356 n. 1 (1984). If an appeal is taken improvidently from an order of a government unit, the papers related to that appeal shall be regarded and acted upon as a petition for review. Pa.R.A.P. 1503. Any court of the unified judicial system of the Commonwealth is considered a "government unit." Pa.R.A.P. 102. Here, although Jones filed a Notice of appeal from the Order denying his Motion for nominal bail, we will regard the appeal as a Petition for review pursuant to Chapter 15 of the Rules of Appellate Procedure.

*Id.* 899 A.2d at 354 n.1.

We agree that Appellant's notice of appeal from the denial of his petition for nominal bond should be treated as a petition for review. *See Commonwealth v. Sloan*, 907 A.2d 460, 463, n. 4 (Pa. 2006) ("Appellant properly sought review of the trial court's order implicating bail by filing a Petition for Review in the Superior Court pursuant to Chapter 15 of the Rules

of Appellate Procedure (Judicial Review of Governmental Determinations)").

***See also*** Pa.R.A.P. 1762(b)(2). We are unclear why Appellant's second

"notice of appeal," which is identical in both form and substance to the

filings rejected by our Court twice before, was docketed as an appeal and

not forwarded to the motions court in accordance with I.O.P. 65.22, Motions

Review Subject to Motions Panel Disposition, particularly in light of counsel's

response to the rule to show cause wherein he maintained that this action is,

in fact, a petition for review. Nonetheless, as it has now been well over 180

days since the complaint in this matter was filed, the interests of justice

command that we dispose of Appellant's issue.

Appellant challenges the trial court's denial of his petition for nominal

bond under Pa.R.Crim.P. 600.[2] Appellant's Brief at 7-12. The Rule provides,

in pertinent part, as follows: "[e]xcept in cases in which the defendant is not

entitled to release on bail as provided by law, no defendant shall be held in

pretrial incarceration in excess of … 180 days from the date on which the

complaint is filed." Pa.R.Crim.P. 600(B)(1). Additionally, the Rule sets forth

---

[2] Our Supreme Court explained in ***Sloan***, "[i]t would be a rare case where a defendant could petition for relief under Rule 600(E) after 180 days of incarceration, have it addressed by the trial court, and petition for review to the Superior Court and [the Supreme Court] before the underlying criminal case is brought to trial or the expiration of Rule 600(G)'s 365 days, requiring dismissal with prejudice. Accordingly, we grant review of Appellant's petition and review the issue he raises." ***Sloan***, 907 A.2d at 465. It appears we have the "rare case" before us where the issue of release on nominal bail is not moot because the court below and the parties have been awaiting a decision on this appeal before proceeding further.

the following guidelines for computation of time under subsection B: "For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation." Pa.R.Crim.P. 600(C)(2). Finally, we note,

> [e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2).

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*). Further, we note:

> The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

*Id.* at 1238-39 (internal citations and quotation marks omitted).

- 6 -

The trial court did not give any explanation for its denial of Appellant's petition for nominal bond. However, as the hearing on Appellant's petition for nominal bond focused solely on the issue of excludable time, we limit our review to that issue.

As noted above, the criminal complaint was filed in this matter on August 9, 2013. Thus, Appellant was eligible for nominal bail 180 days later, on February 5, 2014. The Commonwealth contends that the time from October 29, 2013, when counsel filed for an extension, until March 21, 2014 when the trial court disposed of Appellant's motion for a bail reduction, is excludable. Commonwealth's Brief at 15. Further, the Commonwealth maintains that April 25, 2014 through May 22, 2014, the time elapsed while the court was considering counsel's motion to withdraw, was also excludable. We agree with the Commonwealth that counsel's request for an extension of time stopped the clock for the purposes of Rule 600. However, we disagree that the resulting 133 day delay (from October 2013 until March 2014) falls solely on Appellant. The trial court's scheduling order mandated that the Commonwealth provide discovery in a timely manner. Apparently, it failed to do so, which prompted counsel to seek a brief, 30-day extension. **Six months later**, the trial court finally entered a new scheduling order. While we agree with the Commonwealth that defense counsel filed for the initial extension, and subsequently, the first of many pre-trial motions, we cannot accept a needless, months-long delay where the defendant is

incarcerated. Accordingly, we hold that the trial court abused its discretion and in the interests of justice, Appellant is entitled to release on nominal bond, subject to any nonmonetary conditions of bail imposed by the court as permitted by law.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015