J-S09028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICARDO A. WHITING | |
| Appellant | No. 1568 EDA 2016 |

Appeal from the PCRA Order entered April 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009287-2009

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 30, 2017**

Appellant, Ricardo A. Whiting, appeals from the April 20, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Following trial, a jury convicted Appellant of sexual assault.[1] Appellant, who had been designated a sexual violent predator previously, was sentenced on September 14, 2012, to a term of 25 to 50 years in prison.  On direct appeal, we affirmed his judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3124.1.

***Commonwealth v. Whiting***, No. 2717 EDA 2012, unpublished memorandum (Pa. Super. filed August 8, 2013).[2]

Appellant filed a *pro se* PCRA petition on November 4, 2013. Counsel was appointed and filed an amended petition on August 5, 2014. The Commonwealth filed a motion to dismiss the petition on January 5, 2016. On March 7, 2016, the PCRA court issued a notice in accordance with Pa.R.Crim.P. 907, indicating its intent to dismiss the petition without a hearing. Appellant did not file a response. On April 20, 2016, the PCRA judge, who was also the trial judge, dismissed Appellant's amended petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider three issues in this appeal:

1. Did the lower court err in failing to grant PCRA relief where appellate counsel had failed to raise the issue of whether the Appellant had been denied his constitutional right to a speedy trial on direct appeal?

2. Did the lower court err in failing to grant PCRA relief where trial counsel had failed to move for a mistrial where after (*sic*) one of the complaining witnesses had an outburst in the courtroom?

3. Did the lower court err in failing to hold an evidentiary hearing prior to deciding the PCRA petition?

---

[2] The three issues raised in Appellant's direct appeal included weight of the evidence, prosecutorial misconduct, and trial court error for permitting an expert report to go out with the jury.

Appellant's Brief at 9 (some capitalization omitted).

In ***Commonwealth v. Medina***, 92 A.3d 1210 (Pa. Super. 2014) (*en banc*), this Court reiterated:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

***Id.*** at 1214-15. Further,

> "Counsel is presumed effective, and appellant bears the burden of proving otherwise." ***Commonwealth v. Steele***, 599 Pa. 341, 961 A.2d 786, 796 (2008). The ***Pierce***[3] test requires appellant to prove, with respect to counsel's performance, that: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." [***Commonwealth v. Lesko***, 15 A.3d 345, 373–74 (Pa. 2011)] (citing ***Pierce***, at 975). Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000). Counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Jones***, 590 Pa. 202, 912 A.2d 268, 278 (2006).

---

[3] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

***Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012) (footnote, brackets, and additional citation omitted).

In his first issue as framed, Appellant complains that the PCRA court erred by rejecting his claim of direct appeal counsel ineffectiveness for failing to raise a violation of Pa.R.Crim.P. 600, relating to prompt trials. Appellant's Brief at 9. However, he begins the argument portion of his brief by contending the PCRA court erred in denying relief because *trial* counsel was ineffective for failing to request dismissal of the case under Rule 600. Appellant's Brief at 12. We note that Appellant asserted in his Rule 1925(b) statement that both appellate and trial counsel were ineffective with respect to Rule 600. In light of that fact, we will address the issue in the context of a layered ineffectiveness claim.

In ***Commonwealth v. Pitts***, 884 A.2d 251 (Pa. Super. 2005), this Court explained:

> On more than one occasion, our Supreme Court has instructed that to establish [ineffective assistance] of appellate counsel based on the antecedent ineffectiveness of trial counsel, the petitioner must demonstrate: "(1) the underlying claim of trial counsel's ineffectiveness has arguable merit; (2) appellate counsel had no reasonable basis for failing to pursue the claim; and (3) but for appellate counsel's ineffectiveness, the result on direct appeal would have differed." ***Commonwealth v. Moore***, 580 Pa. 279, 860 A.2d 88, 94 (2004); *see also* [***Commonwealth v. Lopez***, 854 A.2d 465, 468-69 (Pa. Super. 2004), 854 A.2d at 468-69]; ***Commonwealth v. McGill***, 574 Pa. 574, 832 A.2d 1014, 1020-21 (2003); ***Commonwealth v. duPont***, 860 A.2d 525, 531-32 (Pa. Super. 2004).

***Id.*** at 253-54.

In **Pitts**, we quoted from **duPont** where we looked to our Supreme Court's decision in **Lopez**, which "explained that all three prongs of the **Pierce** test must be pleaded and proved as to trial counsel by a PCRA petitioner simply to establish that the layered ineffectiveness allegation regarding trial counsel satisfies the arguable merit prong of **Pierce** as to appellate counsel." **Id.** at 254 (quoting **DuPont**, 860 A.2d at 532, in turn citing **Lopez**, 854 A.2d at 468). "Assuming the PCRA petitioner carries this burden, he then must plead and argue the second and third **Pierce** prongs as to appellate counsel." **Id.**

With respect to the Rule 600 issue, Appellant's amended PCRA petition includes the following averments:

> [Appellant] was arrested on May 28, 2009 but the case was not commenced until September 13, 2011. Three separate motions to dismiss pursuant to Rule 600 were filed but the court never granted one. Trial counsel failed to raise the issue prior to trial and appellate counsel failed to raised the issue on appeal.
>
> [Appellant] was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and Pennsylvania, as [Appellant's] trial counsel was ineffective for failing to request dismissal pursuant to Rule 600 and appellate counsel was ineffective for failing to raise the issue on appeal.

Appellant's Amended PCRA Petition, 8/5/14, at ¶ 7(3)-(4). In his Memorandum of Law filed in support of his petition, Appellant repeats the dates of arrest and commencement of trial, contends the only request for continuance by Appellant accounted for approximately four months, and

indicates that the record is devoid of any extension of the Rule 600 run date. Memorandum of Law, 8/5/14, at 4-5 (unnumbered). Appellant then asserts that his right to a speedy trial was violated under constitutional provisions and the mandates of Rule 600. *Id.* at 5 (unnumbered). He contends that appellate counsel's failure to raise the issue on direct appeal constitutes ineffective assistance of counsel. *Id.* Nowhere in the memorandum does he argue that trial counsel was ineffective with respect to Rule 600.

Addressing and rejecting Appellant's Rule 600 claims, the PCRA court explained:

> The defendant filed numerous *pro se* pretrial motions to dismiss based on various incongruous theories of why the Commonwealth had insufficient evidence to proceed and how he was being subjected to gross injustice. In three of them he cited then Rule 600(g), simply noted the number of days he had been held without bail, that the Commonwealth failed to exercise due diligence in bringing him to trial, and he was prejudiced because he had to stay in jail. Since none of them contained any indication of having merit, and the defendant was represented by counsel, they were ignored with one apparent exception [involving a Rule 600G motion that was noted to be withdrawn as "moot"].
>
> . . . .
>
> In the amended PCRA petition and the 1925(b) Statement, counsel merely cited Rule 600, without mentioning which of its provisions applied, the time periods involved, or any other applicable criteria, and claimed the defendant's state and federal rights were violated because counsel was ineffective for failing to assert it. In none of the submissions did the defendant nor counsel attempt to demonstrate how the Commonwealth failed to exercise due diligence, the reasons for any delays and whether they were caused by it, the court or himself, or how he suffered and prejudice to his defense, and the court was not required to make an effort to discover any such bases for those

claims on his behalf. Nor did either mention the reason why the defendant was not released on bail prior to his trial.[4]

PCRA Court Opinion, 7/28/16, at 21-22.

We conclude the PCRA court's findings are supported by the record and we find no error in its determination that Appellant's Rule 600 ineffectiveness claim lacked merit. As the record reflects, Appellant failed to meet his initial burden of pleading and proving trial counsel was ineffective with regard to Rule 600. Having failed to meet that initial burden, Appellant cannot succeed in a claim of layered ineffectiveness of counsel. Appellant's Rule 600 claim fails.

In his second issue, Appellant complains that the PCRA court erred in denying relief based on trial counsel's failure to request a mistrial after one

_____

[4] The PCRA court later explained that the reason Appellant was not released prior to trial was "evident from his history of sexual and other offenses as summarized by the Sexual Offenders Assessment Board ["SOAB"]. It listed his record in Philadelphia as nine previous arrests, under various aliases, for sex related offenses for two of which there was no disposition available [and one that] resulted in a guilty verdict." PCRA Court Opinion, 7/28/16 at 27. In addition he had a "significant history" of nonsexual crimes in several jurisdictions resulting in thirty-two arrests and twelve convictions for, *inter alia*, simple assault, DUI (drug related), and a Megan's Law registration violation. "Not surprisingly, [SOAB] concluded that his history represented a very high risk for sex offense recidivism, thus rendering him eminently qualified to the art. I, § 14 'no condition or combination of conditions can ensure the safety of any person and the community. . .' exception to Rule 600's provisions." **Id.** (citing **Commonwealth v. Jones**, 899 A.2d 353 (Pa. Super. 2006)).

of the complaining witnesses had an "outburst" in the courtroom.[5]  In its review of the issue, the PCRA court focused on Appellant's failure to satisfy the third prong of the *Pierce* test, *i.e.*, that Appellant was prejudiced by the outburst or the failure to request a mistrial.  Again, the failure to prove any prong of the *Pierce* test will defeat an ineffectiveness claim.  *Philistin*, 53 A.3d at 10 (citing *Basemore*, 744 A.2d at 738 n. 23).

Regarding the complaining witness' outburst, the PCRA court recognized that:

> Nowhere in the amended petition did counsel explain how that incident could have done the defendant's case any harm, nor why it would not be more likely to have been interpreted to be exactly what it was, the result of [the witness] being justifiably

_____

[5] In the course of cross-examination, the complaining witness stated, while leaving the witness stand, "Do you know what?  I'm done . . . I don't care.  Let him off then.  Let him rape everybody else.  I don't care--" and also commented, "I'm tired of you fucking niggers."  N.T., Trial, 9/15/11, at 91-93.  When the trial court learned of the latter remark, and noting that the jury was comprised of eight African-Americans, the trial court elected to "poll the jury about what they heard and whether they can still be fair."  *Id.* at 93.  We agree with the PCRA court and the Commonwealth that Appellant has mischaracterized both the jurors' responses and the witness' testimony when asked if she could continue cross-examination.  When asked if their ability to be fair and impartial would be affected by what they heard, the jurors and alternates all stated they would not be affected.  The closest any answers came to being affirmative responses were one juror's and one alternate's responses of "I don't think so," which the PCRA court equated to a "no" answer.  With regard to the trial court's questioning of the complaining witness to assess whether she was able to resume cross-examination, the witness said she would "try" to answer defense counsel's questions, indicating she was willing to answer but simply did not have the ability to answer some of the questions and was becoming frustrated.  When the trial court told her she should say, "I don't remember or I can't answer that question," the witness replied, "Okay."  *Id.* at 114-15.

frustrated at being an innocent rape victim have to stand being harassed by insignificant irrelevant and insidiously petty details for having the nerve to have reported a crime. Trial counsel did not move for a mistrial because the court would have certainly denied it, and would have been fully justified in doing so, since it was defense [counsel] that caused it.

PCRA Court Opinion, 7/28/16 at 7. The PCRA court also explained that the jurors were asked individually about the outburst and whether it would affect their ability to be fair and impartial and noted that none of the jurors responded affirmatively. At the conclusion of the *voir dire*, which spanned 17 pages of the trial transcript, the court stated, "[b]ased on the comments from all the jurors, I don't see any legal grounds that would justify the [c]ourt aborting the trial." ***Id.*** at 11 (quoting N.T., Trial, 9/15/11, at 112-13).[6]

Here, the trial court determined a mistrial was not warranted and acknowledged in its PCRA opinion that a mistrial request would have been denied. ***Id.*** at 7. Clearly, Appellant cannot demonstrate he was prejudiced by trial counsel's failure to request a mistrial. We find the PCRA court's findings in this regard are supported by the record and are without legal error. Appellant's second issue fails.

_____

[6] As our Supreme Court recognized, "whether and to what extent relief is due from an incident such as an emotional outburst in the courtroom is within the discretion of the trial court, and unless the unavoidable effect of the incident is to deny the defendant a fair trial, there is no error." ***Commonwealth v. Philistin***, 774 A.2d 741, 743 (Pa. 2001) (citations omitted).

In his third issue, Appellant argues that the PCRA court erred in dismissing his amended petition without an evidentiary hearing. We disagree. As the PCRA court noted, Appellant initially identified one of the complaining witnesses as a prospective witness but did not provide any information concerning the substance of her testimony as required by 42 Pa.C.S.A. § 9545(d)(1). PCRA Court Opinion, 7/28/16, at 27. In his amended petition, Appellant listed only trial counsel and direct appeal counsel as witnesses, noting he expected trial counsel would explain his failure to seek a Rule 600 dismissal and his failure to seek a mistrial for the witness outburst, while direct appeal counsel would explain his failure to raise the Rule 600 issue. *See* Amended PCRA Petition, 8/5/14, at 4-5 (unnumbered). Quoting this Court's opinion in **Commonwealth v. Jones**, 942 A.2d 903 (Pa. Super. 2008), the PCRA court stated:

> There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. All of appellant's PCRA claims pertained to ineffective assistance of counsel. Since such a claim must meet all three prongs of the test for ineffectiveness, if the court can determine without an evidentiary hearing that one of the prongs cannot be met, then no purpose would be advanced by holding an evidentiary hearing.

*Id.* at 28 (quoting **Jones**, 942 A.2d at 906 (citation omitted)). The PCRA court then explained:

> Here it is clear that [Appellant] has not met any of the **Pierce** test's prongs: he completely failed to demonstrate that a motion for a mistrial or dismissal would have had arguable merit, and that, therefore, his counsel would have had some reasonable

- 10 -

basis to bring such motions, or that counsel's alleged failure prejudiced him, not by his having to remain incarcerated, but by causing adverse effects on his ability to defend himself.

*Id.* We find no error in the PCRA court's dismissal of Appellant's amended petition without first conducting an evidentiary hearing. Appellant's third issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2017