J-S37010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LESTER EMANUEL BALDWIN | |
| Appellant | No. 1271 MDA 2016 |

Appeal from the Order Entered July 19, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No: CP-35-CR-0000813-2015

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 15, 2017**

Appellant, Lester Emmanuel Baldwin, appeals *pro se* from the July 19, 2016 order denying his motion for release on nominal bail pursuant to Pa.R.Crim.P. 600(D)(2).  We affirm.

Appellant was arrested and charged with possession with, among other things, intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30), in connection with an April 16, 2015 controlled drug buy.  The Commonwealth filed its criminal complaint against Appellant and arrested him on April 17, 2015.  Appellant was not released on bail.  On May 31, 2016, Appellant filed a motion for release on nominal bail, asserting that he had been incarcerated for more than 400 days without being brought to trial and thus was entitled to release under Pa.R.Crim.P. 600(B)(1) and (D)(2).

The trial court conducted a hearing on July 19, 2016 and denied the motion at the conclusion of that hearing.

Appellant filed a *pro se* notice of appeal ten days later. The trial court determined, pursuant to this Court's remand order, that Appellant's waiver of counsel was knowing, intentional, and voluntary. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Appellant committed two procedural errors in filing a *pro se* notice of appeal. First, he proceeded *pro se* while represented by counsel in violation of the prohibition on hybrid representation articulated in *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993). We will overlook this mistake in light of our remand for a *Grazier* hearing. Second, rather than file a notice of appeal from the trial court's interlocutory order, Appellant should have filed a petition for review under Pa.R.A.P. 1762(b)(2). That rule governs Appellate review of orders relating to bail. In *Commonwealth v. Jones*, 899 A.2d 353 (Pa. Super. 2006), this Court treated the appellant's notice of appeal from an order denying bail as a petition for review filed under Rule 1762(b)(2). *Id.* at 354 n.1. We will follow *Jones* here. We therefore turn to the merits of Appellant's argument that the trial court erred in denying his motion for release on nominal bail.

We conduct our review as follows:

> Our standard of review in evaluating Rule [600] issues is whether the trial court abused its discretion.... The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule [600] evidentiary hearing and the findings of the lower court. In reviewing the determination of the hearing court, an appellate

- 2 -

court must view the facts in the light most favorable to the prevailing party.

*Id.* at 354

We have reviewed the applicable law, the parties' briefs, the record, and the trial court's opinion. We conclude that the trial court's opinion accurately addresses the merits of Appellant's arguments. In particular, we observe that this case proceeded with several defense continuances and other significant delays occasioned by Appellant's inability to get along with appointed counsel. Appellant's first two lawyers withdrew due to conflicts with Appellant, and Appellant elected to proceed *pro se* in this appeal after parting ways with his **third** appointed counsel. The record supports the trial court's conclusion that most of the delay in this case is attributable to Appellant. We affirm the trial court's order based on the trial court's October 5, 2016 opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/2017

COMMONWEALTH OF
PENNSYLVANIA

:
:
:

IN THE COURT OF COMMON
PLEAS OF LACKAWANNA
COUNTY

v.

:

LESTER EMMANUEL BALDWIN       :       15 CR 813

---

## OPINION

### BARRASSE, P.J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of

Appellate Procedure and pursuant to the request of the Superior Court. Defendant Lester

Baldwin (herein after "Defendant") appeals this Court's July 19, 2016[1], decision denying

Defendant's Motion for Release on Nominal Bail Under Pennsylvania Rule of Criminal

Procedure 600(b) Defendant's issues on appeal are as follows, *verbatim*:

1. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion since he has been held for more than 180 days from the date of the Complaint was filed and this is not a case which prohibits release on bail.

2. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion since the Commonwealth failed to present evidence establishing that any periods of delay in this case were caused by the Defendant and are therefore excludable.

3. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion since the record which was relied upon by the Commonwealth fails to indicate any recording of the party requesting any continuance and fails to state the reason upon which the continuance was granted as required by Pa.R.Cr.P. 600(c)(3)(a)(i).

4. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion since the record which was relied upon by the Commonwealth fails to state which party the period of delay caused by the continuances shall be attributed and fails to state whether the time will be included or excluded from the computation of the time within which trial commence as required by Pa.R.Cr.P. 600(c)(3)(a)(ii).

---

[1] This Court orally denied Defendant's Motion on the record at the July 19, 2016, hearing. On August 8, 2016, this Court entered a clarification order confirming the same.

1

5. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion without a hearing, but instead only entertained oral argument on the matter, without the necessary evidence or testimony establishing that the delay was caused by the Defendant or otherwise excludable, as required by Pa.R.Cr.P. 600(D)(1) and (2).

6. Whether the Trial Court committed an error of law and/or abuse of discretion in denying Defendant's Rule 600 motion since no evidence was presented establishing any time was or should be excluded from the calculation even though more than 180 days passed the criminal charges were filed against Defendant in this case.

For the following reasons, based upon a review of the records, the facts of this case, and the applicable case law, this Court's July 19, 2016, Order Denying Defendant's Rule 600 Motion should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Under Docket Number CP-35-CR-0000813-2015, Defendant was charges with two (2) counts of Possession with Intent to Deliver in violation of **35 P.S. § 780-113(a)(3)**, one (1) count of Criminal Use of a Communication Facility in violation of **18 Pa.C.S.A. § 7512(a)**, one (1) count of Resisting Arrest in violation of **18 Pa. C.S.A. § 5104**, Tampering With/Fabricating Physical Evidence in violation of **18 Pa.C.S.A. § 4910(1)**, one (1) count of Possession of a Controlled Substance in violation of **35 P.S. § 780-113(a)(16)**, and one (1) count of Possession of Drug Paraphernalia in violation of **35 P.S. § 780-113(a)(32)**. These charges stemmed from an April 16, 2015, incident in which Scranton Police Detectives arranged with a Confidential Information (C.I.) to make a controlled purchase of heroin from an individual identified as the Defendant, whom the C.I. informed Police was selling heroin in the Scranton Area. **Munley Affidavit of Probable Cause, April 17, 2016, p. 1.** The affidavit states that the C.I. agreed to have his/her phone calls intercepted and recorded and the detectives gave him/her pre-

2

recorded, serialized buy money and outfitted him/her with a covert audio recording device. **Id.** Detectives surveilled both the meet location and the C.I., who was traveling to the meet location. **Id.** Detectives allegedly witnessed Defendant get into the C.I.'s vehicle and heard the transaction and discussion regarding the heroin. **Id.** After the transaction was completed, the Detectives assert that they conducted a traffic stop on the C.I.'s vehicle and attempted to take the Defendant into custody. **Id.** The C.I. immediately handed the Detectives 10 "Empire" stamped glassine baggies containing suspected heroin. **Id. at 2.** The Defendant allegedly ignored the commands and appeared to be reaching for the floor for what was later identified as a brown Sheffield folding knife. **Id. 1-2.** The Detectives allege that the Defendant continued to be combative. **Id.** Detectives further stated that Defendant refused to acknowledge his Miranda Warnings. **Id. at 2.** The Affidavit states that a search incident to arrest yielded $120.00, the pre-recorded buy money, and a red cell phone, later determined to be the phone used to facilitate the transaction. **Id.** Upon transporting Defendant into custody for further searching, Detectives allege that Defendant again become combative before admitting that he had heroin in his anus. **Id.** Detectives allege that Defendant than removed 10 glassine baggies also stamped "Empire" from his anus. **Id.** The baggies field tested positive for heroin. **Id.**

Here, Defendant was arrested on April 17, 2015, the same date the Criminal Complaint was filed against him. Bail was set at $100,000, which Defendant was unable to post. His Preliminary Hearing was held on April 23, 2015, before Magistrate Paul Ware, at which time all charges were held for court. (April 17, 2015 – April 23, 2015 (6) days non-excludable). The Pretrial Conference occurred on June 5, 2015. (April 23, 2015 – June 5, 2015 (43) days non-excludable). Defendant appeared *pro se* and Trial was

3

set for July 13, 2015. Thereafter, Defendant requested an attorney[2]. This Court appointed Terrence J. McDonald, Esquire, as counsel, who requested additional time at the July 28, 2015, Pretrial Conference. (June 5, 2016 –July 28, 2015 (53) days non-excludable). As such, based upon defense counsel's request, trial was scheduled for September 21, 2015. On September 11, 2015, Defendant filed an Omnibus Pretrial Motion to which the Commonwealth timely responded. (July 28, 2015 – September 11, 2015 (45) days excludable). On December 1, 2015, this Court granted Defendant's Motion in Part and Denied in Part. (September 11, 2015 – December 1, 2015 (81) days excludable). Trial was then set for December 16, 2015. On December 14, 2015, Counsel for the Defendant filed a request for a Continuance of the Trial Scheduled for December 16, 2015, as counsel was unavailable. (December 1, 2015 – December 14, 2015 (13) non-excludable days). This Court granted Defendant's Motion for Continuance on December 14, 2015, and Trial was rescheduled for January 19, 2015.

On January 12, 2016, Attorney McDonald filed a Motion to Withdraw as Counsel citing conflict with the Defendant regarding his case. Defendant had no objection. (December 14, 2015- January 12, 2016 (29) excludable days). On January 15, 2016, this Court permitted Attorney McDonald to withdraw and appointed Christopher J. Szewcyzk, Esquire, as counsel. Trial was again rescheduled and set for March 14, 2016. On February 5, 2016, defense counsel requested a continuance of the trial scheduled for March 14, 2016, and stated in his Motion that it was understood that the time would be attributable to the Defendant for Rule 600 purposes. (January 12, 2016 –February 5,

---

[2] At the July 6, 2015, proceeding, the Commonwealth stated that they believed at the prior proceeding the Defendant asked that an attorney be appointed. The Defendant responded to this "No, I'm not requesting an attorney to be appointed to myself, but to the defendant. I'm not the defendant." See N.T. July 6, 2015, p. 2. However, since Mr. Baldwin was the person arrested and taken into custody in this matter, he is the defendant and, as such, this will be treated as the Defendant's request.

2016 (24) excludable days). Trial was moved to March 21, 2016. Then, on February 26, 2016, defense counsel filed a Petition to Withdraw, citing a breakdown in the attorney/client relationship and the Defendant's combative attitude toward trial strategy. (February 5, 2016- February 26, 2016 (21) days excludable). A hearing was held on March 8, 2016, in which this Court informed the Defendant that if the Defendant forfeited his attorney by refusing to work with the attorney, he would not receive another court appointed attorney and that in the mind of this Court, the Defendant was abusing the system. **See Transcript, March 8, 2016, at p. 3-4**. (February 26, 2016 – March 8, 2016 (11) days excludable). Thereafter, on March 23, 2016, this Court issued another scheduling order scheduling Trial for May 9, 2016, with a Final Pretrial Conference set for May 3, 2016. (March 8, 2016 – March 23, 2016 (15) days non-excludable). At the May 3, 2016, Final Pretrial Conference, Attorney Szewcyzk again requested to withdraw from the case, stating the Defendant fired him and their attorney/client relationship was ruined. **N.T. May 3, 2016, p. 1-2**. This Court granted this request, appointed new counsel, and informed the Defendant that if was unable to cooperate with his new attorney, he would not be appointed another attorney, as this is his third. **Id. at 2-3**. Trial was scheduled for July 11, 2016. (March 23, 2016 – May 3, 2016 (41) days excludable).

Prior to trial being held, Defendant filed a Petition for Release on Nominal Bail on May 31, 2016, asserting that he had been incarcerated for over 400 days, and was entitled to release pursuant to Rule 600(b). (May 3, 2016 – May 31, 2016 (28) days excludable). The Commonwealth filed a response asserting that it has been ready, willing, and able to proceed, but it was in fact delays caused by the Defendant and

5

defense counsel that were responsible for the case having not yet been brought to trial. This Court scheduled a hearing on the Defendant's Petition for June 29, 2016, however the Defendant requested a continuance of that hearing. (May 31, 2016- June 29, 2016 (29) non –excludable days). Thereafter, on July 12, 2016, this Court rescheduled the Defendant's hearing to July 19, 2016. (June 20, 2016–July 19, 2016 (20) excludable days). **See Attached Court Order dated July 12, 2016.** A hearing was held on July 19, 2016. Both the Commonwealth and the Defendant argued regarding whether the time period from April 17, 2015 to July 19, 2016, included delay attributable to the Defendant. **See N.T. July 19, 2016, at p. 2-3.** This Court reviewed the docket and the record showing the Defendant's Motions and corresponding delay. As such, this Court denied the Defendant's Rule 600(b) Motion on the record. **See Id. at 4.** Defendant, while represented by counsel, filed a *pro se* Notice of Appeal to the Superior Court on July 28, 2016, docketed at 1271 MDA 2016. Defendant's counsel filed a timely response to this Court's Concise Statement Order.

## II. DISCUSSION[3]

At the outset, the Defendant's *pro se* Notice of Appeal is premature. <u>Commonwealth v. Kurilla</u>, **570 A.2d 1073 (Pa. Super. 1990)**(stating: "[t]he general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed."); <u>Commonwealth v. Walczak</u>, **655 A.2d 592, 595 (Pa. Super. 1995)**(noting that initial appeal was quashed because appeal was from adjudication of guilt and judgment of sentence had not been imposed). Pennsylvania law permits only appeals from final

---

[3] Although Defendant raises six separate issues on appeal, they are all encompassed by whether this Court properly denied Defendant's Rule 600(b) Motion. As such, they will be addressed together.

orders. **Pa. R. A. P. 341.** Final orders are those that dispose of all claims and of all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. **Id.** In the present case, the Defendant's case is not adjudicated and does not become final until judgment of sentence. Furthermore, an appeal from an order refusing bail is an interlocutory order, which is non-appealable. **Pa. R. A. P. 311, 312, 341; Commonwealth v. Colleran, 469 A.2d 1130, 1131 (Pa. Super. 1983).** The proper method to challenge an order of a trial court refusing bail is by means of a petition for review pursuant to **Pa. R. A. P. 1762.** Inasmuch as the improper procedure was utilized here, this Court requests that the Defendant's appeal be quashed.

In addition, this Court notes that the Defendant filed the instant appeal *pro se*, while represented by counsel. As such, this Court believes the appeal should be quashed because the Court does not recognize hybrid representation. **See Commonwealth v. Ellis, 626 A.2d 1137 (Pa. 1993); Commonwealth v. Colson, 490 A.2d 811 (Pa. 1985).** The Defendant did not request or express the desire to proceed *pro se*, as such no hearing has been held to determine if Defendant knowingly, intelligently, or voluntarily waived counsel. However, because counsel responded to this Court's 1925(b) Order, the Court will address the issues as follows:

The Pennsylvania Rules of Criminal Procedure implemented the safeguards to a defendant's constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution by adopting Rule 600, and its predecessor, Rule 1100. Pa. R. Crim. Pro. 600 imposes time limitations for which the Commonwealth can bring a case to trial or hold a Defendant in pretrial incarceration without excusable delay.

7

Here, Defendant contends that he is entitled to release or nominal bail pursuant to Pa. R. Crim. Pro. 600(b), alleging that he has been held in pretrial confinement in excess of one hundred-eighty (180) days. On July 19, 2016, and clarified for the record on August 8, 2016, this Court denied Defendant's Petition, after a review of the record and a hearing held upon the matter. Based upon the following, this Court did not abuse its discretion nor did it commit an error of law.

Pennsylvania Rule of Criminal Procedure 600(b) regarding Pretrial Incarceration provides the following:

**(B) Pretrial Incarceration**
Except in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of
(1) 180 days from the date on which the complaint is filed; or
...
**(C) Computation of Time**
...
(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.
(3)
(a) When a judge or issuing authority grants or denies a continuance:
(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and
(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.
(b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).
**(D) Remedies**
(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that

8

this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

(2) Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

(3) Any requests for review of the determination in paragraph (C)(3) shall be raised in a motion or answer filed pursuant to paragraph (D)(1) or paragraph (D)(2).

**Pa. R. Crim. P. 600.**

Accordingly, the Court must then look at the record for excludable time to determine whether Rule 600 has been violated. Pursuant for Rule 600(c), only delay attributable to the defendant shall be included in the calculation for Pretrial Incarceration time calculation purposes. **Pa. R. Crim. P. 600(c).**

Delays attributable to the defendant include any delays in which the defendant is unavailable for trial. For example, delays attributable to the defendant for Rule 600 purposes include continuance requests by defense counsel. See **Commonwealth v. Stilley, 689 A.2d 242 (Pa. Super. 1997)** (defense continuances excludable delay for speedy trial purposes). The Superior Court has also held the when a defendant's case was called for trial and he appeared without counsel, but desired counsel, the time between the trial date and a public defender entering his appearance was attributable to the defendant. See **Commonwealth v. Manley, 469 A.2d 1042 (Pa. Super. 1983).** The time between filing of pretrial motions and the Court disposing of those motions is also excludable if the Commonwealth exercised due diligence in responding to the motions

9

and the motions rendered the defendant unavailable for trial. **See Commonwealth v. Hill, 736 A.2d 578 (Pa. Super. 1999).** Essentially, when the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from computation of time. **Rule 600 Commentary. See, e.g., Commonwealth v. Matis, 710 A.2d 12 (Pa. 1998); Commonwealth v. Brightwell, 406 A.2d 503 (1979) (plurality opinion).**

In this matter, the Commonwealth has maintained that at all relevant times it has been ready, willing, and able to proceed to trial. The Commonwealth cites Defendant's prior attorneys' requests for continuances and more time to prepare for trial at the pretrial conferences. The Commonwealth further argued that the each time an attorney requests to withdraw, Defendant does not object and requests that new counsel be appointed. The Commonwealth asserts that over 300 days are attributable to Defendant caused delays.

As mentioned above, there have been a multitude of delays attributable to the Defendant as shown in the record. The following summarizes the time computation in this matter:

| | |
|---|---|
| April 17, 2015 – April 23, 2015: | (6) days non-excludable |
| April 23, 2015 – June 5, 2015: | (43) days non-excludable |
| June 5, 2015 – July 28, 2015: | (53) days non-excludable |
| July 28, 2015 – September 11, 2015: | (45) days excludable (Defendant) |
| September 11, 2015 – December 1, 2015 | (81) days excludable (Defendant) |
| December 1, 2015 –December 14, 2015 | (13) days non-excludable |
| December 14, 2015 –January 12, 2016 | (29) days excludable (Defendant) |
| January 12, 2016 –February 5, 2016 | (24) days excludable (Defendant) |
| February 5, 2016 –February 26, 2016 | (21) days excludable (Defendant) |
| February 26, 2016 –March 8, 2016 | (11) days excludable (Defendant) |
| March 8, 2016 –March 23, 2016 | (15) days non-excludable |
| March 23, 2016 –May 3, 2016 | (41) days excludable (Defendant) |
| May 3, 2016 –May 31, 2016 | (28) days excludable (Defendant) |
| May 31, 2016 – June 29, 2016 | (29) days non-excludable |
| June 29, 2016 –July 19, 2016 | (20) days excludable (Defendant) |

10

Defendant's Rule 600(b) Petition was filed on May 31, 2016. At the time of filing, since the date of the Criminal Complaint, the Defendant has served (410) days of pretrial incarceration. However, under Pa. R. Crim. P. 600(c), "periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration." Based upon a review of the Defendant's procedural history, continuance requests, and lack of cooperation with counsel, the Defendant caused (300) days of delay, which shall be excluded from (410) days of pretrial incarceration. Therefore, at the time of filing, the Defendant's pretrial incarceration totals (110) days, which does not violate Pa R. Crim. P. 600(b). Nevertheless, based upon the Defendant's request, a hearing was held on the matter on July 19, 2016. Similarly, at the time of the hearing, since the filing of the Criminal Complaint, the Defendant's pretrial incarceration totals (459) days (April 17, 2015 – July 19, 2016). As previously established, the Defendant caused (300) days of delay, which shall be excluded from (459) days of pretrial incarceration. Therefore, the Defendant's pretrial incarceration totals (159) days, which still does not trigger Pa. R. Crim. P. 600(b) release on nominal bail. As such, no error of law or abuse of discretion has occurred.

Moreover, despite Defendant's contention that the record does not accurately indicate what time is attributable to which party, the record contradicts Defendant's claims. Each period of delay directly corresponds with the Defendant or defense counsel's actions. This Court has stated on the record and given the basis for issuing new deadlines in its Pretrial Orders. As such, the record supports this Court's calculation of the time excludable and non-excludable in Defendant's pretrial incarceration time

11

computation. Furthermore, this Court has stated on the record multiple times that the Court believes that the Defendant's lack of cooperation with his previous court appointed attorneys appears to be a dilatory tactic. **See, e.g., N.T. March 8, 2016, p. 2-3; N.T. Final Pretrial May 3, 2016, p. 2-3.**

Therefore, because the Rule 600(b) requirement of 180 qualifying days of Pretrial Incarceration, this Court properly denied Defendant's Petition for Release on Nominal Bail. This Court's decision does not amount to an abuse of discretion or an error of law. Furthermore, this Court's decision conforms to the purposes of Rule 600 and balances the interests of justice with the rights of the Defendant.

## CONCLUSION

Accordingly, the decision made by this Court was proper under the Pennsylvania Rules of Criminal Procedure and given the facts and circumstances of this case. Therefore, this Court's July 19, 2016, Order denying Defendant's Rule 600(b) Petition should be affirmed.

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Lackawanna County District Attorney's Office
200 N. Washington Avenue
Scranton, PA 18503

John J. Brier, Esq.
512 College Avenue

12

Factoryville, PA 18419